MONCURE, J.
I concur in the opinion of Judge Bee, that the demurrers to the declaration, and to the second and third counts, were properly overruled. But I also think that the demurrer to the first count was properly overruled; and therefore dissent from his opinion on that part of the case.
The demurrer to the first count admits the contract to have been as therein set out; and we cannot therefore infer that it was otherwise from the rest of the declaration, or from considerations dehors the declaration itself. What then is the contract which the first count sets out? It is that Jones on his part agreed to sell and deliver to Kennaird and Murdock a raft of logs in the Ohio river about a half of a mile below their landing, in consideration whereof Kennaird and Murdock, on their part, promised to pay him the sum of 90 dollars, to wit, 3 dollars in hand as earnest money, and the residue when they should be afterwards requested, deducting therefrom, however, the expense of navigating and floating the said logs to their landing which they might incur over and above the services *of the said Murdock and a negro in his employ; and also promised that they would cause the said raft to be navigated and floated to their landing as soon as the state of the river would permit. The plaintiff then avers that he did accordingly sell and deliver to the plaintiffs the raft of logs, and had at all times since been ready and willing to pay the expense aforesaid; and that the defendants did pay the said sum of 3 dollars in hand as earnest money, but had failed and refused to pay the residue of the said sum of 90 dollars, less the expense aforesaid, although often requested so to do. According to the terms of the contract as set out, Jones fulfilled his part of it by the sale and delivery of the raft. Kennaird and Murdock then became bound to pay 3 dollars in hand, and the residue of the 90 dollars, less the expense aforesaid, when afterwards (that is after the sale and delivery) requested, and to cause the raft to be navigated and floated to their landing as soon as the state of the river would permit. They paid the 3 dollars, but failed to pay the residue of the 90 dollars, less the expense aforesaid, though often requested: and for this breach the plaintiff counts. The only question in the case is, whether the said residue was payable on request, or after the raft should be floated to the defendants’ landing? The *88 plaintiff expressly avers that it was payable on request, and the demurrer admits the averment to be true. It is quite probable that it was expected by the parties that, before such request would be made, the raft would be floated to the defendants’ landing; that it would be so floated in a very short time, and that thus the actual expense of the operation, over and above the services of said Murdock and his negro, would be ascertained, and could be deducted from the said residue. It is quite probable that both parties would have preferred this, as a deduction of the actual was preferable to that of the estimated expense; and that, therefore, the plaintiff was willing that the said ^residue should be payable on request, instead of being paid in Hand; intending not to request it for a short time, by which time it was expected that the raft would have been floated to the defendants’ landing. If the plaintiff should be disappointed in his expectation that the raft would be floated in a short time, either by its being washed away, or by the state of the river, or other cause, he did not mean to deprive himself of the right, which the contract expressly gave him, to demand payment of the said .residue; deducting-in that case the estimated instead of the actual expense. The defendants did not stipulate for time to float .the raft to their landing as a term of credit for the purchase money: that was expressly payable on request; and it would have been unreasonable, as well as against the terms of the contract, to have withheld the whole purchase money after request, merely for the purpose of deducting therefrom the actual instead of the estimated expense. If the plaintiff chose to make such request before the raft was floated, and the defendants were riot in default for not having floated it, the jury in estimating the expense would of course take care to allow enough to .cover it. But they could have had no difficulty in estimating the expense of floating a raft of - logs a half a mile on the Ohio river in a proper state of water over and above the services of two men. They would have had to have made such estimate, it is admitted, if the defendants had delayed for a reasonable time to float the raft, or if it had (as it may have been) washed away by a flood. They seem to have actually made such estimate in the case, and allowed 10 dollars for the expense. That they might be required to do so, was contemplated by the parties by the very terms of their contract; though it was desirable to both, as before stated, that the actual instead of the estimated expense should be deducted, but not so desirable as to make the floating of the raft by the defendants a Condition precedent to the right of the plaintiff to demand the purchase money.
But it is asked, why did the defendants promise to cause the raft to be floated to their landing as.soon as the state of the river would permit, if he might be required to pay the purchase money before? We..ca.H“ not be required to assign a motive for one of the terms of the contract when they are all plainly stated. It may have been convenient to the plaintiff to have the raft taken from his landing as soon as possible. It was doubtless desirable to him, as before stated, to ascertain the actual expense of the operation before the deduction was made, if it could be done in a reasonable time; and he therefore required a promise from the defendants to perform the operation as soon as the state of the river would permit. There may have been other motives which the record does not disclose. But these are matters of conjecture only, and cannot affect the case.. It is enough that the defendants promised to pay the money on request; and it is no answer to say that he also promised something else. He may or. may not have performed that other thing: at all events, the plaintiff charges no breach of promise in that respect.
It is also said that if the true construction of the contract be as supposed, the plaintiff might have relied alone on the common counts. This may be true, but yet it does not follow that he might not also rely on a special count, and thus have two strings to his bow.
I am for affirming the judgment.
ALLEN, DANIEL and SAMUELS, Js., concurred in the opinion of Lee, J.
Judgment reversed.
ASSUMPSIT.
I. Definition and Nature of Action.
II. Persons Entitled to Sue.
III. Grounds of Action.
1. Simple Contracts.
a. In Writing-.
b. By Parol.
2. Specialties.
3. Implied Contracts.
4. Torts.
IV. .When the Action Does Not Lie.
1. In General.
2. Against Governmental Agencies.
3. Where There Is No Contract.
4. Who Cannot Recover.
V. The Pleadings.
1. The Declaration.
a. Sufficiency.
•b. Amendments.
c. Common Counts.
(1) - In General.
(2) Recovery in General.
(3) The Money Counts.
(a) When Proper.
(b) Recovery under.
(c) Request.
(4) The Account Stated.
(5) On Special Contracts.
d. Special Counts.
(1) In General.
(2) When Proper.
(3) Averments.in.
e. Joinder, of Counts.
(1) When Proper.
(2) When Improper.
*89 f. The Allegations.
(1) In General.
(2) Construction of.
(3) Matters of Defence Omitted.
(4) Sufficiency.
(5) Of Promise.
(6) Of Consideration.
(7) Of Breach.
(8) Of Demand.
(9) Of Damages.
g. Omissions.
(1) Material.
(2) Immaterial.
(3) When Cured.
h. Bill of Particulars, Account and Affidavit.
i. Surplusage.
2. The Pleas.
a. In Abatement.
b. The General Issue.
c. Special Pleas.
(1) Sufficiency and Materiality.
(2) Statutory Recoupment.
(3) Set-Ofi.
(4) Payment.
(5) Statute of Limitations.
(a) In General.
(b) To What Time It Relates.
(c) Answer to Plea.
(d) Form of Plea.
(6) Pleas Provable under the General Issue.
3. The Replication.
4. Demurrer.
Vi. Evidence.
1. Presumption.
2. Admissibility, Competency and Relevancy.
3. Sufficiency.
4. Under the Common Counts.
5. Under the General Issue.
VIT. Variance between Allegation and Proof.
3. When Material.
2. When Immaterial.
VIII. Verdict.
1. Form.
2. Operation and Effect.
3. For Excessive Amount.
4. When Set Aside.
IX. Judgment.
1. Form.
2. In Joint Actions.
3. When Valid.
4. When Invalid.
Cross References to Monographic Notes.
Costs, appended to Jones v. Tatum. 19 Gratt. 720. Interest, appended to Fred v. Dixon, 27 Gratt. 541.
I. DEFINITION AND NATURE OF ACTION.
Definition. — The action of assumpsit is defined to be at common law an action for the recovery of damages for the nonperformance of a contract not under seal nor of record. It is not sustainable unless there has been an express contract, or unless the law will imply a contract. State v. Harmon, 15 W. Va. 115.
Nature Is Equitable. — The action of assumpsit is in some sense an equitable action, and is applicable to almost every case where money has been received by one, which in equity and good conscience ought to be refunded. Hughes v. Frum. 41 W. Va. 445, 23 S. E. Rep. 604; Jackson v. Hough, 38 W. Va. 236, 18 S. E. Rep. 575.
And it is immaterial whether the title to the money be legal or equitable; if the plaintiff has title thereto he may recover the money in this action. Thompson v. Thompson, 5 W. Va. 190.
As was said by Nelson, J., in Eddie v. Smith, 13 Wend. (N. Y.) 490, “The principles of this action are liberal, beyond that of any known to the practice of the courts.” Or by Mr. Justice Blackstone, “It is applicable to almost every case where a person has received money which, in equity and good conscience, he ought to refund.” It is equally beneficial to the defendant, because the defence to the claim as well as the claim itself is governed by the same principles. Thompson v. Thompson, 5 W. Va. 190.
II. PERSONS ENTITLED TO SUE.
Guardian for Money Due Ward.-A guardian may bring assumpsit in his own name, upon a draft or order payable to himself as guardian, for money due his ward. Jolliffe v. Higgins, 6 Munf. 3.
Executor on Action Accrued after Testator’s Death.— It is proper for an executor to bring an action of assumpsit for money in his own name, or as executor, where the cause of action does not accrue until after the death of the testator. Lawson v. Dawson, 16 Gratt. 230.
When Corporations Hay Sue and Be Sued. — When a charter for a corporation has been granted by a circuit court pursuant to § 1145 of the Virginia Code, and the tax thereon has been paid, the corporation has a legal existence, and may sue and be sued in assumpsit on its contracts. Coalter v. Bargamin, (Va.), 37 S. E. Rep. 799, 6 Va. Law Reg. 756.
III. GROUNDS OF ACTION.
1. SIMPLE CONTRACTS.
a. In Whiting.
Repudiation of Contract — Action Lies before Balance Is Due. — An action of assumpsit may be brought to recover damages for failure to accept goods sold under a special contract, when the defendants repudiate the contract, before the time has elapsed when he was allowed to pay the balance due. James v. Adams, 16 W. Va. 245.
Recovery Had from All Makers of Promissory Note.— In an action of assumpsit on a promissory note, the declaration in which contains the common counts for money loaned, the plaintiff may recover of all the makers, although only one of them received the money from the note, and the others were sureties. Bank of Wheeling v. Evans, 9 W. Va. 373.
Agreement for Use of Land Not by Deed. — It was held in Goshorn v. Steward, 15 W. Va. 657, that the action of assumpsit for the use and occupation of lands, is maintainable under § 7, ch. 93. of the W. Va. Code, where the agreement is not by deed.
Contract with a Town — The action of assumpsit will lie against a town for the recovery of money due the plaintiff for work done under a contract for the town, notwithstanding void certificates have been issued and accepted for such work. Johnson v. The Town of Alderson, 33 W. Va. 473, 10 S. E. Rep. 815.
When Assignor of Bond Liable to Assignee — Promissory Note. — The assignor of a bond is liable to the assignee in an action of assumpsit, if the assignee has used due diligence to recover the money from the obligor, and has failed to do so. The assignor of the promissory note was liable to the assignee before the statute of Anne, in case payment was not made by the maker, when demanded. Mackie v. Davis, 2 Wash. 219, 1 Am. Dec. 482.
*90 The assignor of a bond assigns it by endorsing bis name in blank for the purpose of enabling the assignee to buy goods on the face of the endorsement.H sells goods to the assignee on the faith of the endorsement, and before the time of payment for the goods arrived the obligor of the bond becomes insolvent. H may maintain an action of assumpsit against the assignor either as such of as guarantor of the bond; Hopkins v. Richardson, 9 Gratt. 485.
In an action of assumpsit by an assignee against a remote assignor of a bond or note, under the statute, 1 Rev. Code, ch. 125, §6, the plaintiff may recover under the general counts for money had and received, and for money paid, laid out, and expended. Drane v. Scholfield, 6 Leigh 386.
Agreement Indemnifying Constable from Removal of Property. — When three persons enter into a written agreement to indemnify a constable “agreeably to law” from any loss by removing property under an execution from premises of landlord, the latter claiming it liable for rent, and this agreement is delivered to the officer on the day and at the place of sale, and the three signers acknowledge it as their act, this is a joint assumpsit to indemnify the officer, and the sale of it by him is a consideration to support the assumpsit as to all of them. Crawford v. Jarrett, 2 Leigh 630.
Special Contract for Work and Labor — Compensation in Honey. — Where the terms of a special contract in writing for work and labor not under seal have been performed, the stipulated compensation, if payable in money, may be recovered in an action of general indebitatus assumpsit. Brown v. Ralston, 9 Leigh 532.
Lost Foreign Bill of Exchange. — If A purchase of B a foreign bill of exchange, which is afterwards lost before it is presented, and B refuses to give a second bill, A may bring indebitatus assumpsit for the purchase money. Murray & Co. v. Carret & Co., 3 Call 373.
Contract with Agent for the Undisclosed Principal— Either Hay Sue. — Where a contract not under seal is made with an agent, and in his name for an undisclosed principal, either the agent or the principal may sue upon it in an action of assumpsit. Where the agent has no beneficial interest in the contract, the declaration may be amended so as to show that the action is brought for the benefit of his principal. National Bank v. Nolting, 94 Va. 263, 26 S. E. Rep. 826.
On Endorsed Negotiable Note. — The payee in a negotiable note made the following indorsement on it: “For value received we hereby guarantee the payment of the within note at maturity, waiving demand, notice of nonpayment, and protest.” This operated as an indorsement with enlarged liability, and the action of assumpsit may be maintained on such note together with other negotiable notes by the same maker, and with the simple indorsement of the same payees jointly against the makers and indorsers. Nat. Exch. Bank v. McElfresh, etc., Co. (W. Va.), 37 S. E. Rep. 541.
Lease of Premises — Only a Portion of Lessees Hake Entry — All Are Liable. — Where two of four joint lessees entered upon certain premises, under a written agreement, made with the owner of the premises, and signed by ail of them, but the other two did not make actual entry upon and occupy the premises, the occupancy of the first two was the occupancy of all four, and upon the terms designated in the agreement; and they are all lessees of the landlord, regardless of their relations to each other, and as such lessees they are responsible to the landlord in an action of assumpsit for the use and occupation of the land. Goshorn v. Steward, 15 W. Va. 657.
Initial Carrier Liable for Excess Charged by Connecting Carrier. — It is provided in Virginia by statute (Code of 1887, § 1295) that when a common carrier accepts for transportation anything directed to a point beyond its own terminus, it shall be deemed thereby to assume an obligation for i ts safe carriage to such point of destination, unless released or exempted by contract at the time of acceptance, and the action of assumpsit will lie to recover from the initial carrier the excess of freight above the guaranteed rate, which had been paid to the connecting carriers. Va., etc., Co. v. Louisville, etc., R. Co., 98 Va. 776, 37 S. E. Rep. 310, 6 Va. Law Reg. 738.
Assignment of Judgment — Inducement.—Assumpsit may be brought against the assignor of a judgment, which is afterwards reversed, notwithstanding the assignment was by a sealed instrument, for in such a case the sealed instrument is not the ground of the action, but only the inducement thereto. Arnold v. Hickman, 6 Munf. 15. See Baird v. Blaigrove, 1 Wash. 170.
b. ByPabol.
Agreement Altering Prior One under Seal. — A parol agreement, made subsequent to one under seal, may be declared upon in assumpsit, though it should alter the terms of the written agreement. The agreement is only the inducement to the real grounds of the action, the subsequent assumpsit stated in the declaration. Baird v. Blaigrove, 1 Wash. 170.
Agreement to Pay Honey in Discharge of Bona Fide Claim. — In a dispute between parties over a bona fide claim by one against the other, and there is in law some foundation for the claim, the one claimed to be subject to a liability agrees to pay a sum of money, or to do anything else, and such promise is based on a sufficient consideration and may be enforced in an action of assumpsit. Davisson v. Ford, 23 W. Va. 617.
Use and Occupation of Land on Promise to Pay Certain Sum. — Independent of the statute, 11 Geo. II, ch. 19, the action of assumpsit lies at common law for the use and occupation of land, by permission and assent of the plaintiff on an express promise to pay the plaintiff a certain sum, or in general terms to pay him to his satisfaction for such use and occupation. Eppes v. Cole, 4 H. & M. 161, 4 Am. Dec. 512.
Agreement by Purchaser under Deed of Trust to Re» pay Excess Paid by One of the Debtors to the Creditors Secured. — A debt owed by two debtors jointly was secured by a deed of trust upon the land of one of them. The other debtor paid more than his share of the debt. The land was sold and the purchaser agreed to pay a certain sum, and in addition the excess of the share of the debt paid by the debtor who did not give any security for the debt. The purchaser failed to pay this excess, and the debtor who had paid it brought assumpsit against him for it. It was held that the action could be maintained, in Skinker v. Armstrong, 86 Va. 1011, 11 S. E. Rep. 977.
Promise to Waive Discharge in Bankruptcy, and Re-assume Old Debt.' — A verbal promise to pay a debt will be sufficient to bind one discharged in bankruptcy, if the promisor intended deliberately to waive the protection of his discharge and to rebind himself legally to pay the old debt. The action of assumpsit will lie on this verbal promise. Horner v. Speed, 2 P. & H. 616.
*91 Payment Promised by Third Person for Subsistence Furnished a Married Woman Whose Husband Was Living. — A plaintiff in assumpsit is entitled, to recover upon a parol agreement of the defendant, that if the plaintiff would furnish and supply a certain married woman and her infant children with board, washing and lodging for a certain time, he, the defendant, would pay him for it. The plaintiff averred and proved that he furnished the board, washing and lodging accordingly. The plaintiff may recover although the woman's husband be in the commonwealth at the time, and bound to furnish her and her children necessaries, and the defendant is not morally or legally bound, except by his promise. Lanier v. Harwell, 6 Munf. 79.
Promise to Indemnify Auctioneer if He Will Not Hake a Resale. — The plaintiff In an action of assumpsit was employed by A and B to sell land at public auction, and sold it to C as the highest bidder. A, considering the sale inferior, directs the plaintiff to sell it again. B promises to indemnify the plaintiff if he will not resell it, to which he agrees. He is then sued by A and B and damages are recovered against him. The consideration of the promise made by B is both legal and sufficient to support an action against him upon his promise of indemnity. Carr v. Gooch, 1 Wash. 260.
Promise to Deliver Prisoner tinder Ca. Sa. or Pay the Debt. — A debtor is taken in custody by a ca. sa. sued out by his creditor. N. and W. promise the creditor that if he will release the debtor they will deliver him up again under the process, or will pay the debt. They fail to deliver him, and in an action of assumpsit brought by the creditor against them on this promise, he is entitled to recover the amount of the debt. Noyes v. Cooper, 5 Leigh 186.
Agreement of Appellee to Pay Costs, etc., if Appeal Is Dismissed. — if the appellant promise the appellee, that if the latter will agree to have the appeal dismissed, the appellant will pay him the full amount of the debt, damages and costs then due upon the appeal, and the appellee consents thereto and the appeal is dismissed as agreed, the appellee may maintain assumpsit on this promise. Spotswood v. Pendleton, 2 Call 209.
Wrongful Discharge under Contract. — Where a decedent wrongfully discharges one who is bound by parol contract to work for him for a stipulated time, the action of assumpsit may be brought against his personal representative for breach of contract at common law. ff the defendant dies while the action is pending, it may be revived against her personal representative. Lee v. Hill, 87 Va. 497, 12 S. E. Rep. 1052.
Minor Living with Relatives — When Recovery for Services. — Where a minor, residing with a relative, is led to believe that she will be paid for her services, and in expectation of compensation, faithfully performs such services, but is afterwards discharged without the reward she expected, and the relative denies all liability to her, she is entitled to recover the actual value of such services in an action of assumpsit, even though the defendant testifies that his promises were made in jest, and that he had no expectation or intention of recompensing her for her services, but was only acting towards her in loco parentis. Plate v. Durst, 42 W. Va. 63, 24 S. E. Rep. 580. Compare Riley v. Riley, 38 W. Va. 283, 18 S. E. Rep. 569.
Express Contract for Attorney’s Fees by Married Woman Living Apart from Husband. — Where there is an express promise by a married woman living apart from her husband to pay an attorney for obtaining a divorce for her, she is liable to him in an action of assumpsit, where he gave credit to her alone. Peck v. Marling, 22 W. Va. 708.
2- SPECIALTIES.
Statutory Provisions in Virginia. — It is now provided in Virginia by statute that the action of assumpsit may be maintained in any case where the action of covenant will lie. Acts 1897-98, p. 103; Pollard’s Supp. § 3246a.
In West Virginia the Action May Be Brought on a Sealed Instrument to Pay Money. — Under section 10, of ch. 99, of the W. Va. Code of 1868, an action of assumpsit may be maintained on a sealed writing, promising to pay money, if it be signed by the party to be charged or his agent. In such case where the count is on a sealed instrument, the same particularity in pleading is required, as if the declaration was in covenant. Kern v. Zeigler, 13 W. Va. 707.
An action of assumpsit is not allowed at common law on a bond, nor by the W. Va. Code 1868, ch. 99, § 10, upon a bond which is not a sealed instrument in writing containing a promise, undertaking or obligation to pay moneys, and a demurrer will properly lie to the declaration in assumpsit brought on another kind of bond. State v. Harmon, 15 W. Va. 115. See § 10, ch. 99, W. Va. Code 1899, containing same provision.
Guaranteeing Repayment of Borrowed Money. — The action of assumpsit will lie on a writing under seal guaranteeing the repayment of money borrowed, which is evidenced by the bond of the borrower, and is secured by a collateral mortgage which is to be repaid in monthly installments and payment of monthly dues on stock, and providing that after six months’ default in monthly payments, at the option of the lender the principal debt shall at once become due and the mortgage foreclosed. The contract of the guarantor is secondary and he will not be liable upon his guaranty until resort has been made to the mortgage, also to the bond, unless the principal being insolvent, renders further pursuit fruitless. Middle States, etc., Co. v. Engle, 45 W. Va. 588, 31 S. E. Rep. 921.
Interest Coupons. — Under § 10, ch. 99, of the W. Va. Code a municipal corporation is liable in an action of assumpsit for recovery upon interest coupons, even if under seal, attached to bonds which it has issued by legislative authority to aid in the construction of a railroad. Brown v. Town of Point Pleasant, 36 W. Va. 290, 15 S. E. Rep. 209.
3. IMPLIED CONTRACTS.
Failure of Consideration. — Where money has been paid under an agreement for a consideration which has wholly failed, there can be no doubt that the action of assumpsit is the proper remedy for Us recovery. Newberry Land Co. v. Newberry, 95 Va. 111, 27 S. E. Rep. 897; Garber v. Armentrout, 32 Gratt. 235; Buena Vista Co. v. McCandlish, 92 Va. 297, 23 S. E. Rep. 781.
Where the purchaser under a deed from a husband and wife is deprived of the property therein conveyed by reason of the deed being declared a nullity as to the wife, she recovering possession of the property, the grantee may bring assumpsit to recover back the purchase money paid for the property in an action of assumpsit for money paid under an agreement, the consideration of which has wholly failed. Garber v. Armentrout, 32 Gratt. 235. See Johnson v. Jennings, 10 Gratt. 1; Newberry Land Co. v. Newberry, 95 Va. 111, 27 S. E. Rep. 897; Robinson v. Welty, 40 W. Va. 385, 22 S. E. Rep. 73.
*92 Same — Rescission—Refusal to Comply. — Where a contract of sale is not by deed, and no conveyance has been made, the vendee can recover back in an action of assumpsit what he has paid on the contract, when the consideration has failed, or the contract has been rescinded, or the vendor refuses to comply with his part of the contract. Bier v. Smith, 25 W. Va. 830.
Same — Modes of Recovery. — Where money has been paid on a contract which has been wholly rescinded or the consideration of which has wholly failed, the usual and better mode of recovering back the money paid under the agreement is on the common money counts of money had and received in an action of assumpsit, but it may be recovered on a special count which must properly set out the fact that the consideration has wholly failed, and did not result from fraud or illegal conduct on the part of the plaintiff. Johnson v. Jennings, 30 Gratt. 1; Buena Vista Co. v. McCandlish, 92 Va. 302, 23 S. E. Rep. 781; Haigh v. U. S., etc., Assoc., 39 W. Va. 802.
Tort Waived and Assumpsit Brought on Implied Promise. — The well-settled doctrine is that after a tortious taking of goods the owner may bring trespass for the taking, or waiving the trespass he may bring trover for the conversion, or if they have been sold and the money received or otherwise appropriated or consumed, he may waive the tort altogether and bring an action of assumpsit for their value upon an implied promise to pay. Maloney v. Barr, 27 W. Va. 381; McDonald v. Peacemaker, 5 W. Va. 439.
Pro Tanto Benefits of Partial Performance of Special Contract. — it was held in Balt., etc., R. Co. v. Polly, 14 Gratt. 447, that “indebitatus assumpsit will lie to recover the value of work done under a special contract, if it be fully executed on the part of the plaintiff, and nothing remains to be done under it butthe payment of a sum of money by the defendant.” Even when the contract is not fully executed, and the plaintiff has only partially performed, the general weight of authority holds that under proper circumstances the plaintiff may recover in assumpsit on the defendant’s implied promise to pay pro tanto for the benefit received. See Graves’ Notes on Pleading, p. 113, and authorities there cited.
Work and Material under Contract Required by Statute of Frauds to Be in Writing. — Where a special contract cannot be enforced, because it is not in writing, as required by the statute of frauds, still the plaintiff may recover from the defendant in an action of assumpsit on an implied contract for the work which was done and the material furnished under the contract. McCrowell v. Burson, 79 Va. 290.
Where Agent Detains Money of Principal. — Wherever an agent secures the payment of money belonging to his principal, and detains it, he is liable in an action of assumpsit for its recovery. This rule will apply to anyone, who knowing the facts, collects money belonging to another, and keeps possession of it. Thompson v. Thompson, 5 W. Va. 190.
For Rent Paid to Wrong Person. — A decree was made for the sale of a tract of land on credit. Before the decree a contract had been made for the rental of the land, and in conformity to the contract a lease was made for a year. During this year sale was made under the decree, which was confirmed and the conveyance given to the purchaser. If in this case rent has been paid to the representative of the former owner, the purchaser of the land under the decree may recover it from him by an action of assumpsit for money had and received. Taylor v. Cooper, 10 Leigh 317.
Fees from Usurper of Public Office. — Where a person has usurped an office belonging to another, and taken the fees of that office, an action of assumpsit for money had and received will lie at the suit of the party entitled to the office against the intruder for the recovery of such fees. Booker v. Donohoe, 95 Va. 359, 28 S. E. Rep. 584.
Use and Occupation of Land. — The action of assumpsit for the use and occupation of land by permission of the plaintiff, may be brought on an implied as well as on an express promise. Sutton v. Mandeville, 1 Munf. 407, 4 Am. Dec. 549.
Money Paid Tax Collector under Protest. — Under the provisions of Acts 1881-2, p. 37, the proper remedy to recover money paid to a tax collector under protest, after he had refused to accept coupons in payment of taxes, is by assumpsit. Brown v. Greenhow, 80 Va. 118. This section was repealed by Acts 1893-4, p. 381
Honey Received from Security When Principal Debt Has Been Paid. — Where bonds were assigned to a vendor, not in payment of the land, but merely as security for the purchase money, after the purchase money had been paid, an action of assumpsit will lie to recover so much money as the vendor had received from the bonds. Brockenbrough v. Ward, 4 Rand. 352.
Illegal Salary Paid Attorney General. — Where a sum of money was illegally paid to the attorney general as salary by the auditor, and received by the former without authority of law, the commonwealth is entitled to recover the same in an action of assumpsit. Com. v. Field, 84 Va. 26, 3 S. E. Rep. 882.
Goods Procured by Fraud. — Indebitatus assumpsit will lie for the value of goods which the defendant by fraud procured from the plaintiff to sell to an insolvent person, and which the defendant has gotten into his possession. The law in such a case will imply a promise to pay for the goods from the circumstance of their having been the plaintiff’s property and having come into the defendant’s possession. Maloney v. Barr, 27 W. Va. 381.
Attorney’s Fees for Obtaining Divorce for Woman Living Apart from Husband. — Where a wife, living apart and separate from her husband, employs an attorney and obtains a divorce, she is liable to an action of assumpsit on an implied contract for what his services are reasonably worth, if the husband is not liable to him for these services. Peck v. Marling, 22 W. Va. 708.
Attachments — Reversal of Judgment Quashing First Entitles That Creditor to Proceeds of Sale Paid Second Attaching Creditor. — Two attachments against an absconding debtor are levied on the same property, the first is quashed, but on appeal this judgment is reversed. Pending the appeal an order is made selling the property under the second attachment and the proceeds are paid over to the creditor in that attachment. The action for money had and received, will lie by the first attaching creditor against the creditor in the second attachment for the proceeds of the sale. Caperton v. McCorkle, 5 Gratt. 177.
4. TORTS.
Ground for Assumpsit. — Tort when there is apromise to pay for the injury may be the ground of assumpsit and will support an action founded on the promise. King v. McDaniel, 4 Call 451. This case cites and distinguishes Winston v. Francisco, 2 Wash. 187, where no assumpsit was alleged, “and the court held that the omission of an averment of a *93 promise to pay was fatal as it was the very gist of the action.
Same — Seizure of Cattle. — Where cattle were taken by the defendant, who was an officer in the confederate army, and who offered to pay for the same in cotton, and on the refusal of the owner to accept the same, left certificate in relation to the pay for the plaintiff, and seized the cattle. This is a proper case for assumpsit and not for trespass, the tort being waived. McDonald v. Peacemaker, 5 W. Va. 439.
IV. WHEN THE ACTION DOES NOT LIE.
1. IN GENERAL.
Mere Fact That Article Is Worthless. — The mere fact that an article proves to be worthless will not entitle the purchaser to recover the price paid in an action of assumpsit. Mason v. Chappell, 15 Gratt. 572.
Mere Fact That Article Fails to Equal Representations of It. — The mere fact that an article sold does not come up to the representation made respecting it, is not ground to assume that it was not the genuine article sold, so as to entitle the plaintiff to recover in an action of assumpsit for a failure by the vendor to comply with his contract. Mason v. Chappell, 15 Gratt. 572.
Specific Article Ordered — No Implied Warranty.— Where a specific article is ordered and furnished there is no implied warranty on the part of the vendor that it is suitable for the purposes to which the purchaser intends to apply it, although the purchaser states his purpose to the vendor, and in such a case the latter was not held liable in an action of assumpsit for the purchase price, in the absence of fraud or an express warranty, however unfit and defective the article may turn out to be. Mason v. Chappell, 15 Gratt. 572.
For Breach of Express Warranty, General Assumpsit Does Not Lie. — The action of general indebitatus assumpsit does not lie for the breach of an express contract of warranty. Robinson v. Welty, 40 W. Va. 385, 22 S. E. Rep. 73; Houston v. McNeer, 40 W. Va. 365, 22 S. E. Rep. 80.
Assumpsit for Money Paid, etc. — Will Not Lie Unless Honey or Equivalent Be Paid. — The principal and his surety are bound in a bond to the obligee, which bond the obligee gives to the surety as an advancement to his daughter in marriage when the surety marries the obligee’s daughter. The surety cannot upon these facts support an action of assumpsit against the principal for money paid, laid out and expended, by him for the principal’s use, or any of the common money counts, for to maintain assumpsit for money paid, laid out and expended, money or some equivalent for money must be in fact paid. Butterworth v. Ellis, 6 Leigh 106.
2. AGAINST GOVERNMENTAL AGENCIES.
Comity Court. — The action of assumpsit will not lie against a county court, upon an order issued by said court upon the sheriff of a county, in favor of the owner of such order. Ratcliff v. County Court of Wayne Co., 33 W. Va. 94, 10 S. E. Rep. 28.
Turnpike Company Organ of State — Where a turnpike company is composed exclusively of officers of the government, having no personal interest in it or in its concerns, and acting only as the organ of the commonwealth in effecting a great public improvement, an action of assumpsit will not lie against the president and directors of the company. Sayre v. N. W. Turnpike Road, 10 Leigh 454.
Tax Collector Who Has Paid Honey to Treasurer. — The action of assumpsit for money had and received does not lie to recover taxes paid by a taxpayer to the collector, who in accordance with statutory provisions has turned the money over to the treasurer. Mallan v. Bransford, 86 Va. 675, 10 S. E. Rep. 977.
3. WHERE THERE IS NO CONTRACT.
Services Rendered by Minor to Uncle. — Where a minor lives with his uncle and is furnished with clothes and is supported by him, and the minor renders services without any understanding or contract as to compensation therefor, he cannot recover in an action of assumpsit the value of the services thus rendered, although they may have been greater in value than the support which he received. Riley v. Riley, 38 W. Va. 283, 18 S. E. Rep. 569. Compare Plate v. Durst, 42 W. Va. 63, 24 S. E. Rep. 580.
Money Paid Out by Attorneys Received under Decree of Competent Court. — Where money was received by attorneys for the plaintiff under execution by due process of law from a court of competent jurisdiction, which was received as his and disposed of as he directed, when the decree in the suit was subsequently reversed on appeal, a defendant who did not appeal cannot recover from the attorneys in an action of assumpsit, there being no privity between them. Green v. Brengle, 84 Va. 913, 6 S. E. Rep. 603.
Corporation Not in Existence at Date of Original Sale Not Made for Its Benefit Cannot Recover under That Contract. — Where the vendees in a contract for the purchase of real estate subsequently sell it to a corporation which was not in existence at the date of the contract, and the purchase was made only for their own benefit and not for the corporation, the latter, not being in privity with the vendor, cannot maintain an action of assumpsit to recover money paid to the vendor under that contract, the consideration for which had wholly failed. Newberry Land Co. v. Harman Newberry, 95 Va. 111, 27 S. E. Rep. 897.
4. WHO CANNOT RECOVER.
Creditor — When.—The father of a surety agreed with the creditor, who was suing the principal debtor, that if he would dismiss his suit against the latter at his own costs, he (the father) would pay the debt with interest. The creditor dismissed the suit generally. It was held in an action of assumpsit by the creditor against the father on his conditional promise to pay the debt, that the plaintiff was bound to perform the condition strictly in order to enforce the promise, and that he cannot recover, having dismissed the prior suit generally instead of at his own costs. Couch v. Hooper, 2 Leigh 557.
Same — Subsequent Ratification Not Averred. — And though the father subsequently approved the general dismissal of the suit, the plaintiff not having averred this subsequent ratification in his declaration, that fact cannot avail him. Couch v. Hooper, 2 Leigh 557.
Jailor Cannot Sue Creditor of Debtor for Prison Fees When Debtor Can Pay. — Where an action of assumpsit for money had and received was brought against the creditor of a debtor for the expenses of the latter while imprisoned on a writ of ca. sa., the jailor cannot demand the prison fees of the creditor if the debtor is able to pay them, and the presumption is that he is able to pay them, until the contrary is shown. Rose v. Shore, 1 Call 540.
No Recovery by Plaintiff When Defendant Received Proceeds oí Saleas Agent of Heirs. — The plaintiff in an | action of assumpsit for money had and received ( cannot recover of the defendant, when the latter *94 did not receive the proceeds from the sale of certain salt as administrator of the owner, hut only as the agent of his heirs, who therefore are the ones responsible to the plaintiff, the assignee of the money due on the sale of the salt. Brooks v. Hatch, 6 Leigh 534.
Beneficiary under Contract but Not a Party to It.— Upon a parol contract between S and R whereby the latter on consideration moving entirely from the former promises to pay to the daughter of the former a sum of money after his death, the daughter cannot maintain assumpsit for the money. The representative of the promisee only can maintain an action at law. Ross v. Milne, 12 Leigh 204, 37 Am. Dec. 646.
Landlord Cannot Recover Rent for Land from Which He Has Evicted Tenant. — In an action of assumpsit fortheuseand occupation of a farm for a year, it appears, that the landlord entered on a meadow a part of the premises, within the year, and mowed and carried away the hay without the consent and against the will of the tenant, who, nevertheless, continued to occupy the farm during the rest of the year. The disturbance of the tenant by the landlord in this case amounts to an eviction from that portion of the premises, and suspends the whole rent; the landlord thereby losing the benefit of the entire contract. Briggs v. Hall, 4 Leigh 484.
Militiaman Who Has Paid Substitute Subsequently Discharged. — If a member of militia employ and pay a substitute to perform his tour of duty, and thereupon the substitute be discharged by the commanding officer, the former cannot recover back the money paid in an action of assumpsit, upon the ground that the defendant after commencing the march was discharged as a supernumerary, and therefore never performed the tour of duty. Keys v. McFatridge, 6 Munf. 18.
Defendant Who by Special Plea Defeats Recovery of Purchase Price Cannot Recover Other Damages in Another Action. — Wh ere the defendant in an action of debt for the purchase price of an animal, succeeds by a special plea under § 3299 of the Va. Code in defeating the action to the extent of the price paid for breach of warranty, he cannot subsequently maintain an action of assumpsit for other damages and expenses incurred on account of the breach of the warranty. Huff v. Broyles, 26 Gratt. 283.
V. THE PLEADINGS.
1. THE DECLARATION.
a. Sueeiciency.
Declaration in Individual Capacity Construed as Executorial. — Where a declaration in assumpsit was commenced in the name of the plaintiff, executor of the intestate, it being necessary to sue as executor, although it alleged that the defendant was indebted to the plaintiff and promised to pay to the plaintiff, yet, in support of the justice of the case, the declaration may be construed as in the plaintiff’s character of executor. Lawson v. Lawson, 16 Gratt. 230.
Action for Breach of Contract. — It is sufficient for the declaration in an action of assumpsit for damages for breach of contract to allege a distinct promise, a valuable consideration for the promise and 3, breach of it. Payne v. Grant, 81 Va. 164.
b. Amendments.
Of Declaration on Policy of Insurance — Properly.—In an action of assumpsit on a policy of insurance for loss by fire claiming a certain sum as damage, or for loss of certain property, an amended declaration may be filed claiming larger damages, or on additional property, under the same policy, by the same fire. Bentley v. The Standard Fire Ins. Co., 40 W. Va. 729, 23 S. E. Rep. 584.
Entitles Party to Continuance. — The plaintiff in an action of assumpsit, files by leave of court an amended declaration to which the defendant atonce files his plea. The plaintiff is entitled of right to a rule to reply and it is an error for the court to refuse him a continuance and put him to a nonsuit. By § 4, ch. 171, W. Va. Code 1860, a month is given to parties to a suit to declare, plead, etc., and it is immaterial whether the case be at rules or in term. Bank v. Mathews, 3 W. Va. 26.
By Consent after Issue Joined — No Plea in Abatement to Same Variance between Original Declaration and Writ. — If the plaintiff be permitted to amend his declaration in assumpsit by consent of parties after issue joined on a plea to the action, the defendant ought not to be permitted to plead in abatement any variance between the amended declaration and the writ, which equally existed between the writ and the original declaration. Moss v. Stipp, 3 Munf. 159. See Payne v. Grim, 2 Munf. 297; Bradley v. Welch, 1 Munf. 284.
Plaintiff under Leave to Amend Files New Declaration —Plea to First Declaration Not Withdrawn Is Applicable to Second — Verdict Good. — The -defendant pleads the general issue to a declaration in assumpsit, and the plaintiff under leave to amend files a new declaration as a substitute. The defendant does not plead again, and the jury is sworn to try the issue, which results in a verdict for the plaintiff. As the plea to the first declaration was applicable to the new declaration, and was not withdrawn, it must be understood that the defendant rested his defence on the same plea, and the verdict is good. Power v. Ivie, 7 Leigh 147.
To Amend Declaration for Variance from Writ, Latter Referred to without Oyer. — A variance between the writ and the declaration in assumpsit cannot be taken advantage of without craving oyer of the writ, yet it may be referred to in order to amend it, without oyer. Stephens v. White, 2 Wash. 203.
c. Common Counts.
(1) In General.
Concluding with a “Whereas” Valid. — qt has always been a general rule in pleading, that facts necessary to constitute the cause of action should be directly and distinctly stated in the declaration, and should not be left for inference from other facts therein, and arguments, inferences and matters of law should be excluded. But a general indebitatus assumpsit count in a declaration concluding and “whereas, the defendants, afterwards to wit: on the day and year aforesaid, in consideration of the premises respectively, then and there promised to pay the said sum of moneys respectively to the plaintiff on request. Yet they have disregarded their promises, and have not paid any of said moneys, or any part thereof, to the plaintiff’s damage $1,000, and therefore they bring suit,” was held good on general demurrer. Burton & Co. v. Hansford, 10 W. Va. 470; Sayre v. Edwards, 19 W. Va. 352; Patton v. Elk, etc., Co., 13 W. Va. 259.
Same — Violation of General Rule of Pleadings. — If in the common indebitatus count in an action of assumpsit the promise is stated after a. whereas, though the promise is the very gist of the action, yet such a count so framed will be held good on demurrer. See Burton v. Hansford, 10 W. Va. 470. The reason of this is, because the judges of England have prescribed for such a count in an action of assumpsit. *95 and the Virginia courts have upheld this form of pleading in assumpsit, although It is in apparent violation of the general rule of pleading that facts necessary to constitute the cause of action should he stated directly. Sheppard v. Ins. Co., 21 W. Va. 368.
(2) Recovery in General.
Freight for Goods Lost by Act of God Recovered by Carrier. — A common carrier contracts to deliver a crop of wheat at an agreed price per bushel. A large proportion of the crop is delivered in good order, but from the unavoidable effects of a storm, a small part is delivered in a damaged condition, and another small portion is lost. In an action of assumpsit by the carrier for the freight, he is entitled to recover under the common indebitatus count, the agreed price for the whole quantity so delivered or lost. Galt v. Archer, 7 Gratt. 307.
No Recovery on Note Not Negotiable Where Suit Brought.' — An action of assumpsit was brought on a note which was negotiable at the place where it was made, but was not negotiable by the law of the state in which the suit was brought and where the liability of an assignor was different from that of an endorser. The facts averred in the count were not sufficient to make the defendants liable as assignors, in that it was not shown that the maker was insolvent at the time it became due, or that due diligence had been used to collect it. Under such circumstances there cannot be a recovery under the common counts in assumpsit. Nichols v. Porter, 2 W. Va. 13.
(3) The Money Counts.
(a) When Proper.
To Recover Commission for Sale of Land. — Where the plaintiif in an action of assumpsit sold land of the defendant without his knowledge, but the latter ratified the sale, agreeing to give the plaintiff one-half of one of the bonds for deferred payments of purchase money, but refused to do so when it was paid, an action of indebitatus assumpsit for money had and received, not for services rendered, was proper, having the common money counts. Jackson V. Hough, 38 W. Va. 236, 18 S. E. Rep. 575.
Money Paid for Another under Compulsion of Law.— Whenever the plaintiff in an action of assumpsit shows that he, either by compulsion of law or to relieve himself of liability, or to save himself from damage, has paid money which the defendant ought to have paid, the count for money paid will be supported, whether there be any privity of contract between the plaintiff and defendant or not. As where the promise was to a third person for the benefit of the plaintiff. Nutter v. Sydenstricker, 11 W. Va. 535.
(b) Recovery under.
Forfeiture of Insurance Policy — Recovery of Premiums Paid. — Where a contract of insurance is forfeited by failure to pay the annual premium, which is prevented by reason of the war between the stales, the insured is entitled to have refunded so much of the premiums actually paid after the company retains an amount sufficient to compensate it for the risk which it incurred while the policy was in force, and the action brought by the plaintiff in such case should be assumpsit on the implied promise of the company to pay what ex aeauo et bono is due and the declaration need contain nothing but the money counts. Abell v. Ins. Co., 18 W. Va. 400.
Bank Notes Given for Safe Keeping Can Be Recovered. — A sum of money in bank notes was given by a sick man to his wife for safe keeping. A few days later he died. The widow refused to deliver them to the executor, saying she intended to keep them. He sued her in an action of assumpsit for the money, the declaration containing only the common counts, and it was held that he was entitled to recover. Lawson v. Lawson, 16 Gratt. 230.
Holder May Sue Endorser of Promissory Note, Otherwise When for Accommodation. — As a general rule indebitatus assumpsit for money lent, or for money paid and expended, or for money had and received, lies against an endorser for the holder of a promissory note, and the endorsement is prima facie evidence to support those money counts; yet if it be found by special verdict that the endorsement and the discount of it was done for the accommodation of the maker, and the defendant received no part of the proceeds, in such case the holders cannot recover against the defendant on the money counts in assumpsit. Bank of U. S. v. Jackson, 9 Leigh 221.
Nonnegotiable Paper — Assignee May Recover from Assignor. — An assignee may recover against the assignor of nonnegotiable paper on the common counts for money had and received in an action of indebitatus assumpsit. Hughes v. Frum, 41 W. Va. 445, 23 S. E. Rep. 604, overruling Nichols v. Porter, 2 W. Va. 13.
(c) Request.
When the Request Is Express, When Implied. — In an. action of indebitatus assumpsit for money had and received, which has been paid for the use of the-defendant, the request necessary may be either-expressed or implied. It will be implied where the plaintiff has been compelled to do what the defendant was legally compellable; where the defendant has adopted and enjoyed the benefit of the consideration, and where the plaintiff voluntarily does, what the defendant was legally compelled to do, and the defendant afterwards in consideration thereof expressly promises. In certain cases the request will be implied where the plaintiif voluntarily does what the defendant is only morally compelled to do, and there is a subsequent promise by the defendant. Nutter v. Sydenstricker, 11 W. Va. 535.
(4) The Account Stated.
No Account Necessary When Insimul Computassent Count Gives Defendant Sufficient Notice. — If the proof offered by the plaintiff be such as to sustain the count of insimul computassent. it is of no importance whether there be any account filed or not; for this count does so describe the plaintiff’s demand, as to give the defendant sufficient notice of the character thereof. Fitch v. Leitch, 11 Leigh 471.
Construction of § 86, Ch. 128, 1 Rev. Code. — Section 86, of ch. 128, 1 Rev. Code provides that “in every action of indebitatus assumpsit, the plaintiff shall file with his declaration an account, stating distinctly the several items of his claim against the defendant; and on failure thereof, he shall not be entitled to prove before the jury any item which is not so plainly and particularly described in the declaration, as to give the defendant full notice of the character thereof.” It was held, in Fitch v. Leitch, 11 Leigh 471, construing this statute, that if the proof offered by the plaintiff is such as to sustain the count of insimul computassent, it is of no importance whether there be any account filed or not, for this count so particularly describes the plaintiff’s demand, as to give the defendant notice thereof.
Count of Account Stated in Insurance Policy Sustained by Proof of Adjustment — A general insimul computassent count in a declaration in an action of *96 assumpsit brought for recovery under a policy of insurance is sustained toy proof of an adjustment of the amount due from the defendant to the plaintiff on account of the loss by fire of the property insured. Stolle v. Ins. Co., 10 W. Va. 546.
(5) On Special Contracts.
When Plaintiff flay Declare Generally on Special Contract. — Wherever the plaintiff has done everything which was to toe executed on his part before making his demand, and nothing remains but a mere duty on the defendant’s part to pay money, the plaintiff need not declare specially, tout may recover on a general count in assumpsit. Moore v. Supervisors, 18 W. Va. 630; Davisson v. Ford, 23 W. Va. 619; Jackson v. Hough, 38 W. Va. 236, 18 S. E. Rep. 575.
The plaintiffs and defendants entered into a special contract, by which the plaintiffs were to make certain sections of the defendants’ railroad, in a special manner, to toe completed toy a specified time, under the supervision of the engineers of the defendants. The plaintiffs failed to complete it in the time specified, but with the consent of the defendants continued the work until it was completed. In an action of assumpsit under the common counts, the plaintiffs are entitled to recover. B. & O. R. Co. v. Lafferty, 2 W. Va. 104.
Same — Pro Tanto Benefits Received and Accepted.— Where work, which has been done by a plaintiff under a special agreement, but not in a stipulated manner, and was yet beneficial to the defendant, has been accepted and enjoyed toy him, the plaintiff cannot recover upon the contract from which he has departed; but he may- recover on the common counts for the reasonable value of the benefit which the defendant has derived from what he has done. B. & O. R. Co. v. Lafferty, 2 W. Va. 104.
Same — Special Contract Must Be Fully Executed.— The plaintiffs bring an action of assumpsit for work and labor done, and declared under the common counts. If it appeared from their evidence that the work was done under a special contract in full force, they can only recover the contract price, on proving the contract fully executed on their part. Balt., etc., R. Co. v. Polly, 14 Gratt. 447.
Same — Special Contract Mutually Abandoned.— Where a contract partly performed, has been abandoned by mutual consent, the plaintiff may resort to the common counts alone for what he has done under the special agreement. Balt., etc., R. Co. v. Lafferty, 2 W. Va. 104.
Same — No Recovery before All Purchase Money Is Due. — The plaintiff in an action of assumpsit on a special contract to recover damages for failure to accept and pay for property sold thereunder, cannot recover on the common counts, the action toeing brought before all the purchase money is due. James v. Adams, 16 W. Va. 245.
d. Special Counts.
(1) In General.
Terms of Contract Sued on Binding. — When a party declares in assumpsit attempting-to recover upon a special contract, he is bound by its terms; to hold otherwise would clearly involve a legal absurdity. B. & O. R. Co. v. Rathbone, 1 W. Va. 87.
(2) When Proper.
Money Paid by Fraudulent Inducements. — Where the purchaser of real estate, which is subject to liens, is induced by false and fraudulent representations of a mortgagee in a fraudulent and voidable mortgage on said real estate to pay off said mortgage with a part of the-purchase money, the purchaser may recover back the money so paid in a special countin general indebitatus assumpsit, setting forth specially the facts creating the liability and averred as the consideration of the promise. It may also be recovered back on the common count in general indebitatus assumpsit for money had and received, accompanied with a sufficient bill of particulars. Robinson v. Welty, 40 W. Va. 385, 22 S. E. Rep. 73.
Executory Contracts. — Where the contract sued on continues executory the plaintiff in assumpsit must declare specially; tout where it has been executed, and nothing remains but the payment of the price by the defendant, the plaintiff may declare generally using the common counts, or may declare specially on the original contract. B. & O. R. Co. v. Lafferty, 2 W. Va. 104.
For Price of Land Sold. — The action of general indebitatus assumpsit will not lie for the price of a tract of land, but a special action ought to be brought stating the circumstances of the contract. Hoskins v. Wright, 1 H. & M. 378.
Special Usage of Bank. — where a bill is made payable at a bank, at which there is a special established usage that bills payable there should be presented on the fourth and not on the third day of grace, this special usage must be alleged by a special count in the declaration in an action of assumpsit upon such bill, otherwise proof of presentation on the fourth day of grace will not be permitted. Jackson v. Henderson, 3 Leigh 196.
Recovery of Oil from Common Carriers Not In Wrongful Possession Nor Tortlously Disposed. — The declaration in an action of assumpsit brought to recover the value of oil claimed toy the plaintiff, contained no good counts except the common counts. The oil was in possession of-the defendant (a common carrier), at the time the action was brought, and not wrongfully, nor had it been sold or in any way tortiously disposed of. There also toeing no evidence of such sale or disposal, It was erroneous to instruct the jury that they should find for the plaintiff if they believed the oil belonged to him, as he is not entitled to recover the value of the oil under the common counts -for oil sold and delivered to the defendant, or for money had and received for the plaintiff’s use! there being no special count covering the case. Dresser v. Transportation Company, 8 W. Va. 553.

(3) Averments in.

Building Contract — Unnecessary to Set Out Dimensions. — In an action of assumpsit brought by a contractor against a county for the price contracted to toe paid for building a jail, it is not necessary to set out in a special count the dimensions, or a description of the building in the declaration. Carroll County v. Collier, 22 Gratt. 302.
Same — Necessary to Aver Time of Completion.— Where in a declaration in an action of assumpsit by a contractor against a county for the price contracted for building a jail, the contract as set out in a special count fixes a time within which the jail is to be completed, but there is no averment that it was completed within that time. The count was held to be defective. Carroll County v. Collier, 22 Gratt. 302.
Defendant Absent from Place of Performance.— Where a contract was to be performed on a certain day and at a certain place, if the plaintiff in his declaration in assumpsit alleges in a special count that the defendant was not at the place of performance, but was out of the state on the day specified, it will be a sufficient allegation on his part to declare that he was ready and willing to perform his *97 contract, and on demurrer to the count will toe good. Kern v. Zeigler, 13 W. Va. 707.
Condition Precedent — Excuse for Nonperformance. "Where an action of assumpsit is brought on an entire contract under seal, in which the covenants are dependent and the pleader sets forth the contract in a special count, it is not sufficient for the plaintiff to aver his readiness and willingness to perform the condition precedent contained in the contract, tout he must go further and show a sufficient excuse for his nonperformance. Jones v. Singer Mfg. Co., 38 W. Va. 147, 18 S. E. Rep. 478.
Promise in Writing to Pay Debt of Another — Consideration.- A special count containing a promise of one party to pay the indebtedness of another, which is in writing, must set forth the consideration in declaring upon it, as such a promise in order to toe binding must toe founded upon a consideration. Winkler v. C. & O. R. Co., 12 W. Va. 699.
Agency Violated — 'Instructions of Principal. — In an action of assumpsit toy a principal to recover from his agent the value of goods sol'd toy him to insolvent persons on credit, in violation of his instructions, it is not necessary in the declaration to aver an express contract that the defendant should sell for cash only. It is sufficient to aver in a special count that the plaintiff had instructed the defendant not to sell on credit. Maloney v. Barr, 27 W. Va. 381.
e. Joinder of Counts.
(1) When Proper.
In Action to Recover Goods Embezzled. — In an action of assumpsit brought to recover goods or money which had been embezzled toy an agent, a special count which sets out the embezzlement may toe joined with the common counts in the declaration. Maloney v. Barr, 27 W. Va. 381.
Action on Insurance Policy. — -In an action of assumpsit on an insurance policy for recovery for loss toy fire, there may toe included in the declaration with a count under sec. 61. ch. 125, in the W. Va. Code, the common counts or other counts proper in that form of action. Bentley v. The Standard Fire Ins. Co., 40 W. Va. 729, 23 S. E. Rep. 584.
Recovery of Taxes Paid under Protest. — It was held, in Brown v. Greenhow, 80 Va. 118, not to toe improper to join a special count with the common money counts to recover in assumpsit taxes paid to a collector under protest.
On Special Contract of Bailment. — A general indebtatus assumpsit may toe joined with a count in assumpsit upou a special contract of bailment, setting out the promise and undertaking of the defendants, the consideration on which it was founded, the breach of that promise toy the defendants and their neglect and carelessness, and the loss to the plaintiff occasioned thereby. Kennaird v. Jones, 9 Gratt. 183.
Promises of Executor with Those of Debtor. — in an action of assumpsit against an administrator d. b. n., counts upon promises made toy the executor or a former administrator of the deceased debtor, as such, may toe joined with counts on promises toy the deceased debtor himself, to save the statute of limitations. In such case the counts upon the promises -of the executor or former administrator, must distinctly aver the promises to have been made as executor or administrator, or they will toe toad on general demurrer. Bishop v. Harrison, 2 Leigh 532.
Recovery of Attorney’s Pees. — A firm of attorneys made a contract in writing with a client, which provided that the firm were to receive $100 certain and if the suit referred to was decided in favor of their client then they were to receive $200 extra. The attorneys in an action of assumpsit set out the agreement and alleged that their client dismissed the suit without their consent, and thereby hindered them from prosecuting it to a final decision although they were willing and ready so to do. The declaration also contained the common counts for work and labor, and an account stated. On a demurrer to the declaration and each count thereof it was held that they were sufficient and that the plaintiffs upon issue joined on nonassumpsit may recover, in addition to the $100 certain, such damages for their time and labor as they are reasonably worth, provided the whole recovery shall not exceed the entire amount stipulated in the contract. Polsley & Son v. Anderson, 7 W. Va. 202.
Special Count Alleging Usurpation of Office. — A declaration in assumpsit contains the common counts, and also a special count reciting the election of the plaintiff as county clerk, and that the defendant wrongfully and illegally intruded into the office, and received and collected certain fees to which the plaintiff was entitled. This discloses a consideration which supports the promise alleged to have been made toy the defendant to pay the sum of money demanded in the declaration, and is not a count upon a tort, and the joinder is proper. Booker v. Donohoe, 95 Va. 359, 28 S. E. Rep. 584.
(2) When Improper.
Joinder of Tort Count with Contract Count. — it is well settled that causes of action arising in tort cannot toe joined with causes of action arising from contracts except in rare instances. Thus, a declaration is toad on general demurrer which joins a count to recover damages for the breach of contract, with one to recover damages for a tort. At page 398, 4 Min. Inst. (2d Ed.), the author states this proposition in the following language: “It must toe observed that causes of action in tort cannot toe joined with causes arising out of contract. Thus trespass on the case in assumpsit cannot toe. joined with trespass on the case in trover and conversion; nor debt with trespass vietarmis.” Gary v. Abingdon Pub. Co., 94 Va. 775, 27 S. E. Rep. 595.
Count against Executor in Representative with One in Individual Capacity — Misjoinder—if in a declaration in assumpsit against an executor for a legacy, there toe one count against him in his representative, and another against him in his individual character, this is a misjoinder of action, which is fatal on general demurrer. Kayser v. Disher, 9 Leigh 357.
f. The AliiEGAtions.
(1) In General.
AII Necessary Circumstances Should Be Stated Clearly. — It is an elementary rule in pleading that the declaration in assumpsit must allege all the circumstances necessary for the support of the action, and contain a full, regular and methodical statement, with such precision, certainty and clearness that the defendant may toe distinctly informed of the grounds of the action. All beyond this is surplusage, and where the declaration fails to conform in its averments to this rule it will toe insufficient on general demurrer. Patton v. Elk, etc., Co., 13 W. Va. 259. See White v. Romans, 29 W. Va. 571, 3 S. E. Rep. 14.
Words “Trespass in the Case” Cannot Change Form of Action. — Where there are three counts in a declaration in assumpsit, the first two of which are plainly assumpsit counts, the fact that the plaintiffs in the other count say that complaint is made of a plea of “trespass in the case,” instead of trespass on the case in assumpsit,” cannot change the form of *98 action, nor affect the result upon demurrer. Gray v. Kemp, 88 Va. 201, 16 S. E. Rep. 225.
No Difference in Description of Express and Implied Contracts. — While the contract sued on must he truly set out in every declaration in assumpsit, it is well understood for purposes of pleading that there is no difference between an express and an.implied contract, and that in every case, where the agreement is not in writing, the same identical words of description are employed to describe an implied as well as an express promise. Payne v. Grant, 81 Va. 164.

(2) Construction of.

Construction of Averment of Shipment of Goods as Per Agreement. — The averment in each of the counts in a declaration in assumpsit brought for the recovery of damages under a contract to carry goods, that they were delivered for shipment as they had agreed to furnish them, must be construed as averring that the goods were furnished within a reasonable time after the making of the contract. Southern Railway Co. v. Wilcox (Va.), 39 S. E. Rep. 144, 7 Va. Law Reg. 381.
Averment of Acceptance Offer — In an action'of assumpsit on a simple contract an averment in the declaration that the offer was accepted necessarily implies that it had not been withdrawn, for there could he no acceptance of an offer which had been withdrawn. Southern Railway Co. v. Wilcox (Va.), 39 S. E. Rep. 144, 7 Va. Law Reg. 381.
Effect of Allegation of Performance of Conditions.— If the plaintiff in his declaration in assumpsit on an insurance policy, allege that he has on his part performed all the conditions of the policy, and has violated none of its provisions, he must be regarded as meaning such as have not been waived. Such as have been waived are in effect as if they had never been inserted in the contract. Levy v. Ins. Co., 10 W. Va. 560. See Ins. Co. v. Sheets, 26 Gratt. 858.

(8) Matters of Defence Omitted.

Hatters of Defeasance May Be Omitted. — It is sufficient for the plaintiff in an action of assumpsit to state in the declaration so much of the terms beneficial to him in a contract for the breach of which he sues, and he need not state matters in defeasance of his action. But wherever circumstances existed, the omission of which will defeat the plaintiff’s right of action, prima facie well founded, it must be a matter of defence, and should be shown by the opposite party. Simmons v. Insurance Co., 8 W. Va. 474.
Lien of Subcontractor under Mechanics’ Lien Law. —It is not essential for the subcontractor in his declaration in assumpsit against the owner under the mechanics’ lien law to allege that his account was approved by the general contractor; or that he after ten days’ notice failed to file objection; or that it had been ascertained to be due the subcontractor from the general contractor. Va. Code 1873, ch. 115; Code 1887, secs. 2479-80. His claims to a lien are not made to depend by the law upon the admissions of the general contractor, or his failure to dispute the account "within ten days. These may he matters of defence, but they do not constitute any part of the plaintiff’s case, and are not necessary to the declaration. Norfolk, etc., Ry. Co. v. Howison, 81 Va. 125.
Application for Insurance Policy — Warranty.—Where no part of an application for insurance is set.out in the policy, and no reference is made in the . policy to the application, or any warranty therein, it is unnecessary for the plaintiff in an action of assumpsit brought on the policy, to state such warranties; they are matters of defeasance which should more properly come from the other side. Simmons v. Insurance Co., 8 W. Va. 474.
(4) Sufficiency.
Performance of Condition Precedent. — Where a condition precedent must be performed before liability will attach under a contract, in an action of assumpsit on this contract, it is sufficient for the declaration to contain a general allegation that the plaintiff has performed the condition precedent according to its true intent and meaning, and it is not sufficient to allege only that the plaintiff was ready and willing to perform his part of the contract. Kern v. Zeigler, 13 W. Va. 707.
Insurable Interest. — it is well settled that a policy of insurance is a contract of indemnity and that the assured must have an interest in the property insured, and hence in an action of assumpsit brought on such a policy the declaration must allege distinctly an insurable interest, when the policy is taken out, and also when the property was destroyed and damaged by fire. It is not a sufficient allegation that the property of the plaintiff was insured by the defendant. Quarrier v. Insurance Co., 10 W. Va. 507; Sheppard v. Insurance Co., 21 W. Va. 368. See Travis v. Peabody Ins. Co., 28 W. Va. 583.
Certificate of Magistrate, Notary, etc., Condition Precedent to Recovery — Kind of Officer Should Be Stated. — where the declaration in assumpsit in a policy of insurance states as a condition precedent that the assured should produce a certificate under the hand and seal of a magistrate, notary public, or commission of deeds, etc., fair pleading requires that the kind of officer should he stated in the declaration, so that the court may determine whether it was the proper officer. The production of the certificate of the proper officer is a condition precedentand must be complied with, unless waived by the defendant. Simmons v. Insurance Co., 8 W. Va. 474.
(5) Of Promise.
Should Be Charged Positively, Not by Recitals. — The plaintiff in assumpsit must charge the promise by the defendant positively and not by way of recital only, for if the declaration be defective in this respect it is a fatal error and cannot he cured by verdict. Sexton v. Holmes, 3 Munf. 566. See Syme v. Griffin, 4 H. & M. 277.
Same — Warranty.—in an action of assumpsit to recover damages for defective machinery which the plaintiff had purchased, paid for, and returned as useless, the plaintiff must charge the promise, that the machinery would perform the work for which it was intended, positively, and not by way of recital. Wolf v. Spence, 39 W. Va. 491, 20 S. E. Rep. 610.
Written Agreement — Express Promise — Recitals Insufficient. — An express promise ought to be laid in the declaration in an action of assumpsit upon a written agreement ; a mere recital of the writing, though a true copy, is not sufficient. Wooddy v. Flournoy, 6 Munf. 506. See Cooke v. Simms, 2 Call 39.
. Of an Executor. — Where an action of assumpsit is brought by a legatee against an executor fora legacy, on the executor’s promise to pay it, the declaration should charge the promise of the executor in his individual, not in his representative, character,, and the attachment in such case must be de bonis propriis. Kayser v. Disher, 9 Leigh 357.
Loose Conversations Not Sufficient to Raise a Promise. — Loose conversations of an executor are not *99 snfficient to raise an assumpsit as a new promise, or as an acknowledgment, so as to revive an old debt of the testator. Henderson v. Foote. 3 Call 248.
Promissory Note — Express Promise Necessary. — in an action oC assumpsit brought upon a promissory note, there must be an express assumpsit laid in the declaration ; merely reciting the note in haec verba is not sufficient. Cooke v. Simms, 2 Call 39.
Promise to “Settle” Not Equivalent to Promise to Pay. — In an action of assumpsit against an executor for a debt of his testator on an open account, all the items of which appear to have been due more than five years before the testator's death, the plaintiff proves that the testator within five years after the date of the account promised to “settle” the account. Such a promise does not amount to a promise to pay, or such an acknowledgment of the debt, as would take the case out of the general statute of limitations. Aylett v. Robinson, 9 Leigh 45.

(a) Of Consideration.

Must Be Alleged and Proved. -A consideration must be set forth in a declaration in assumpsit in support of the defendant's promises sued on; it forms an essential portion oi the contract, on which its validity depends. It must be truly stated, and proven as stated, or the plaintiff will fail for variance. If the entire consideration is stated, the entire consideration must be proved, or there will be a variance. Davisson v. Ford, 23 W. Va. 617; Beverleys v. Holmes, 4 Munf. 95.
No Averment of Sufficient Consideration. — A, executor of B, writes to C, a creditor of B, that as soon as he is able to dispose of his crops, he will pay the claim, or will let him have any property in his possession at a moderate valuation. This will not bind A in his own right, without an averment of assets, or a forbearance to sue, or some other consideration sufficient to support an action of assumpsit Taliaferro v. Robb, 2 Call 258.
Want of Consideration Immaterial — Failure of Attorney to Sue. — Where the declaration in an action of assumpsit states that the plaintiff by the advice of the defendant, his attorney, instituted a suit against a third person, and the said attorney undertook to conduct the suit to the best of his skill, and yet mismanaged it by failing to file a declaration, etc., the want of a consideration is not material. Stephens v. White, 2 Wash. 203.
Special Contract — Entire Consideration Should Be Substantially Stated. — in an action of assumpsit on a special contract to recover damages for failure to accept and pay for property under that contract it is necessary that the entire consideration and the act to be done in return for it be stated in substance in the declaration ; and if the proof establishes a contract materially different from the one alleged in the declaration, the court on motion should exclude the evidence from the jury. James v. Adams, 16 W. Va. 245.
Same — Sufficient Consideration Must Be Stated. — If a count in assumpsit upon a special contract between the plaintiff and defendant allege no sufficient consideration moving from the former to the latter, the action will not be sustained upon the ground of the promise and undertaking imputed to him. Hale v. Crow, 9 Gratt. 263.
Promise to Indemnify — Sufficient Consideration — The plaintiff in a declaration in assumpsit made as agent a lease of lands seized in tail to D, who assigned to S, and bound himself with D in a bond to S to obtain a confirmation of the lease from the defendant, the issue in tail. The defendant promised to make the lease, and for years received rent from S. and then turned him out of possession. S then recovered damages from B on his bond. On suit by D against the plaintiff the same damages were recovered from him; pending this suit the defendant promised to indemnify D and the plaintiff against the suit of S. The consideration stated in this-declaration is sufficient to maintain . the action against the defendant for breach of promise to' indemnify. Fields v. Spotswood, 1 Wash. 280.
Same. — A mill was devised to B on condition that he should pay to G $250. B accepted the devise provided G would indemnify him from any loss that, might be caused by overflow to the mill due to the erection of a dam below it. In an action of assumpsit by b against G. the declaration setting out this-contract shows sufficient consideration to support the promise of indemnity, and it is not necessary to allege in the declaration notice to the defendant of injury resulting from the erection of the dam. Chapman v. Ross, 12 Leigh 565.
Promissory Note — Consideration Must Be Stated and Proved -Common^Law Rule. — At commop. law the plaintiff in an action on a promissory, note must declare upon the contract, as in assumpsit, stating and proving the real consideration at large. The note, though it could not be declared on, might he given in evidence in support of the contract stated, as in a count for money lent. Peasley v. Boatwrigh, 2 Leigh 198.
Same — No Averment of Consideration — A judgment of the lower court holding that the action of assumpsit can be maintained in Virginia ón a promissory note, without averring a consideration in the declaration, was affirmed by a divided court in Jackson v. Jackson, 10 Leigh 448.
Assignment of Bond without Consideration as Collate era! Security-Assignor Not Liable. -A bond is assigned without consideration, and. the, assignee transfers it to H as collateral security, for goods purchased on credit, with the understanding that if the assignor does not acknowledge, his liability on said bond, H may return it and look put for other security. The assignor assures H in writing that he was aware of nothing that would affect his liability on the bond. When the time for the payment of the goods arrived the obligor in the bond was insolvent. This was held not to be a sufficient consideration to support an action of assumpsit by H against the assignor. Hopkins v. Richardson, 9 Gratt. 485.
(7) Of Breach.
When Several Counts-How Breach. Should Be Charged. — In an action of assumpsit, if there be several counts in the declaration, the defendant should be charged, as having failed, to pay the several sums of money aforesaid, and. every part thereof; if this be not done, but the breach charged at the end of the last count be that he, hath not paid “the said sum of money,” and it appear upon a demurrer to the evidence, that the evidence adduced by the plaintiff applies to .the first count, judgment ought to be given for, the defendant. Ellis v. Turner, 5 Munf. 196.
Agreement for Sale of Land — Breach Sufficiently Charged.- in an action of assumpsit upon a written agreement for the sale of a tract of land, which sets forth the agreement of the vendor to give to the vendee possession and a conveyance free of encumbrances by a certain day, for which the vendee agreed to pay to the vendor a part of the purchase money on that day, and secure the balance by deed of trust or such security as might be required, and *100 the conveyance was not to he executed until the payment was made and the security given; the declaration in this action sufficiently charged a breach by stating that the plaintiff was on that day in lawful and peaceful possession of the land, and ready to give the defendant possession with a proper conveyance free from, encumbrances, but that the defendant failed to make the payment and give the security. Moss v. Stipp, 3 Munf. 159.
(8) Of Demand.
By Creditor on Debtor Unnecessary. — A demand on a person for whose benefit a promise is made is not necessary to be laid in the declaration, as he is the debtor, and must seek his creditor and pay him. Pasteur v. Parker, 3 Rand. 458.
Not Necessary When Defendant Undertakes to See Money Paid to Plaintiff. — When the defendant undertakes to see money paid to the plaintiff, it is his business to look to the performance himself, without any notice from the plaintiff, and in an action of assumpsit it is not necessary for the declaration to contain an averment of notice and request by the plaintiff. Austin v. Richardson, 3 Call 202.
Demand against Sheriff. — Indebitatus assumpsit will lie against a sheriff for money received by him, or his deputy, under an execution; but the declaration ought to be so far special, as to distinguish the demand from one against him in his private capacity. Overton v. Hudson, 2 Wash. 172.
(9) Of Damages.
Several Counts — General Allegation at End of Declaration Sufficient. — ‘It is not necessary to allege at the end of each count in a declaration in an action of assumpsit to recover damages for the breach of a contract, that damages have been incurred by the failure of the plaintiff to perform his promise named in the count. A general allegation at the end of the declaration, that the plaintiffs have sustained damages by the failure of the defendant to perform his several promises named in the declaration to the certain amount, is sufficient. James v. Adams, 16 W. Va. 245.
Not Proper When Promise Is to Perform an Act. —In the declaration in an action of assumpsit based on a promise not to pay money but to perform some act, it is neither necessary nor proper to allege the nonpayment of the damages, for the object of the suit .is to recover these damages, when they shall have been ascertained by a jury. Davisson v. Ford, 23 W. Va. 617.
Greater Damages Cannot Be Recovered Than Are Laid in Conclusion of Declaration — Interest.—In an action of assumpsit greater damages cannot be recovered than are declared for and are laid in the conclusion in the declaration, but this restriction is confined to the amount of damages, the principal recovery, and does not affect the interest that may be allowed thereon by the jury. Georgia, etc., Ins. Co. v. Goode, 95 Va. 751, 30 S. E. Rep. 366; Cahill v. Pintony, 4 Munf. 371.
Recovery of Damages above Those Specified in Proofs of Loss. — The plaintiff is not limited in his recovery in an action of assumpsit on a policy of fire insurance by the . amount of loss specified in the proofs of loss, in the absence of fraud. Bentley v. The Standard Fire Ins. Co., 40 W. Va. 729, 23 S. E. Rep. 584.
g. Omissions.
(i) Material.
Promise to Pay Debt of Another — Omission to -Allege Nonpayment by That Other Fatal. — A special count in a declaration in assumpsit brought on a promise of one person to pay the debt of another, which shows a consideration for the promise, but does not allege that the other has not paid the debt, if fatally defective. Winkler v. C. & O. R. Co., 12 W. Va. 699.
Judgment Arrested When Omission to Allege Consideration for Assignment of a Bond. — In an action of assumpsit against the assignor of a bond a consideration for the assignment should be set forth in the declaration, and if it be omitted judgment may be arrested. Hall v. Smith, 3 Munf. 550.
Omission of Promise to Pay Incurable by Verdict.— In an action of assumpsit the gist of the action is the promise to pay, and if this be not averred, the omission is not cured by verdict. Winston v. Francisco, 2 Wash. 187.
Requirement of Insurance Policy Must Be Alleged in Action on Policy — Omission Fatal. — A policy of insurance requires that after a loss, payment will be made sixty days after proof and notice are given the company in a certain manner. In an action of assumpsit brought on this policy it is necessary for the declaration to allege in this manner, and that proof and notice were given in accordance with the directions of the policy. Failure to make these allegations is fatal on general demurrer to the declaration. Quarrier v. Insurance Co., 10 W. Va. 507.
Adjustment of Loss with Insurance Company — What Omissions in Allegations Fatal. — where an adjustment has been made with an insurance company of the loss caused by a fire, it is necessary for the declaration in an action of assumpsit based thereon to allege that this adjustment was made with the defendant company, and that it promised to pay the amount of the adjustment, and a failure to make these allegations is fatal to the declaration on general demurrer. An allegation that the adjustment was made with an agent of the company is insufficient. Quarrier v. Insurance Co., 10 W. Va. 507.
Relinquishment of Right of Administration as Per Agreement. — A declaration in assumpsit stated that the plaintiff, being a creditor of a deceased person, had moved the proper court to grant him administration of his estate, and the defendant, alleging that he was a creditor also, assured him that if he would with draw his said motion, and suffer the defendant to have the administration, he (the defendant) would pay his debt out of the first money that should come to his hands as administrator. It also stated that the plaintiff then agreed to relinquish his right as administrator, and the defendant then and there administered upon the estate, but it did not aver that the plaintiff relinquished his pretension to the administration, in conformity with the said agreement. Such a declaration is altogether defective and cannot be aided by verdict. Daniel v. Morton, 4 Munf. 120.
(2) Immaterial.
Omission of Word “Surety” Immaterial. — When there are two signatures to an obligation to pay money, and it is expressed that one signs as surety, theword “surety” being annexed to his signature, both are jointly bound, and a declaration in assumpsit against both need not notice the suretyship, because it is immaterial. Riley v. Jarvis, 43 W. Va. 43, 26 S. E. Rep. 366.
Presentment for Payment — Sec. 1, Ch. 99, Code West Virginia. — A count in a declaration in assumpsit on a promissory note, omits to state that it was presented at the bank, where it was payable, for payment. But by Code of Va. 1849, ch. 144, § 1, re-enacted *101 by § 1, ch. 99, Code of W. Va. 1868 (§ 1, ch. 99, Code of W. Va. 1899), it is provided, that it shall not be necessary to aver, or prove presentation for payment, at the time and place, specified in a note, in order to recover of the makers. Bank of Wheeling v. Evans, 9 W. Va. 373.
Omission to State Cause of Action Arose in Jurisdiction of Court — No Error. — in an action of assumpsit in the superior court of the county, the declarations laying the venue in a different county, and omitting to state that the canse of action arose within the jurisdiction of the court, is not error sufficient in arrest of judgment. Buster v. Ruffner, 5 Munf. 27. See Turberville v. Long, 3 H. & M. 309.
Omission of Damages Unimportant. — it appears from numerous authorities that it is unimportant that the damages are left blank in the declaration in an action of assumpsit, but if the gist of the action be blank, it is a fatal omission. Blane v. Sansum, 2 Call 495; Stephens v. White, 2 Wash. 203; Taylor v. M’Clean, 3 Call 557; Craghill v. Page, 2 H. & M. 446; Digges v. Norris, 3 H. & M. 268; Winston v. Francisco, 2 Wash. 187.

(3) When Cured.

On Collateral Promise — Omission to Allege Notice, Performance and Failure to Pay Cured by Statute of Jeofails. — in a declaration in assumpsit on a collateral promise, the plaintiff should aver notice to the grantor, of the performance of the act contemplated by the promise, and perhaps of the failure to pay by the person in whose favor the undertaking was made. The omission of these averments will be cured by the statute of jeofails after verdict. Pasteur v. Parker, 3 Rand. 458.
Money Count — Sum Received Blank Cured by Verdict. —A count for money had and received in an action of assumpsit was held good after verdict, although the sum received was left blank. Hall v. Smith, 3 Munf. 550.
Action Sounding in Damages — Omission to Lay Damages Cured by Verdict. — 'The omission to lay damages in the declaration in an action of assumpsit, though it is an action sounding in damages, is cured after verdict by the statute of jeofails. Stephens v. White, 2 Wash. 203.
h. Bill of Particulars, Account and AotidaVIT.
No Part of Declaration. — The account which the statute requires to be filed in an action of assumpsit setting forth the items of the plaintiff’s claim, is not a part of the declaration, and there can be no plea to it. Booker v. Donohoe, 95 Va. 359, 28 S. E. Rep. 584: Riley v. Jarvis, 43 W. Va. 43, 26 S. E. Rep. 366. See George Campbell Co. v. George Angus & Co., 91 Va. 438, 22 S. E. Rep. 167.
Former Law. — The former rule of law was that the account filed by the statute (Va. Code 1873, ch. 167, § 13, Va. Code 1887, § 3248), with the declaration in assumpsit, is a part of declaration, and is subject to demurrer. Wright v. Smith, 81 Va. 777. This case has been overruled in numerous cases. See George Campbell Co. v. George Angus & Co., 91 Va. 438, 22 S. E. Rep. 167.
Demurrer Does Not Lie for Defects Therein — Proper Practice. — The defects in a bill of particulars cannot be taken advantage of by a demurrer to the declaration. They are not within its scope, and it does not lie for such a purpose. Abell v. Penn., etc., Ins. Co., 18 W. Va. 400; Sheppard v. Ins. Co., 21 W. Va. 368. Where a sufficient bill of particulars is not filed, the proper practice is to apply to the court to require the plaintiff to file an amended and sufficient account; and if he fail to do so, to move the court to exclude evidence of any matter not described sufficiently to give him notice of its nature and character. George Campbell Co. v. George Angus & Co., 91 Va. 438, 22 S. E. Rep. 167. See also, Moore v. Mauro, 4 Rand. 488.
Office — May Supply Defects in Declaration. — The office of a bill of particulars is to give a fuller and a more particular specification of the matter contained in the declaration, and is to be read in connection with it, hence the bill of particulars supplies defects, if any, in the declaration. George Campbell Co. v. George Angus & Co., 91 Va. 438, 22 S. E. Rep. 167.
Must Conform to Claim in Declaration -if the declaration in an action of assumpsit contained no count, which is based on the claim specified in the bill of particulars filed therewith, the items contained in it cannot be proven, and no recovery can be had therefor. Riley v. Jarvis, 43 W. Va. 43, 26 S. E. Rep. 366.
When Court Will Allow Amendment. If substantial justice is promoted by allowing' the plaintiff to amend his bill of particulars filed with a declaration in assumpsit, and it appears that this amendment operated no surprise to the defendant, the court acts properly in permitting the amendment and in refusing a continuance on account of it. Anderson v. Kanawha Coal Co., 12 W. Va. 526.
Application for Time for Defence to Bill of Particulars Should Be Made in Lower Court, — Where a motion by the defendant to require the plaintiff to file a bill of particulars was denied at the term where it was made, but before trial at the next term, the plaintiff appeared and filed a bill, in which the items of his claim were fully and clearly set out, no objection can be raised in the court of appeals that the defendants desired time for the preparation of their defence, as such application should have been made in the court below when the cause came on for trial. Central Lunatic Asylum v. Flanagan. 80 Va. 110.
Specific Payments before Suit Must Be Set Out in Bill of Particulars. — in an action of assumpsit no specific or partial payment before the suit is brought can be proved, unless its nature and the several items thereof are set out in the bill of particulars filed with the general issue. Shanklin v. Crisamore, 4 W. Va. 134.
Insufficient Account. — Where an account filed with a declaration in assumpsit under § 3248 of the Va. Code, only mentions the sums paid, not giving any information about them, this account is insufficient where the items are not plainly described in the declaration. Johnson v. Fry, 88 Va. 695, 12 S. E. Rep. 973, 14 S. E. Rep. 183.
Sec. 3249 of Va. Code Construed — Authorizing Court to Order a Statement by Plaintiff or Defendant. — The object of § 3249, of the Va. Code which authorizes the court in any action to order a statement to be filed of the particulars of a claim, or the grounds of defence, is to give the defendant definite information of the claim against him, and to give the plaintiff more particular information of the defence than is generally disclosed by a plea, so as to enable the parties to prepare more intelligibly for trial and to prevent surprises. It was enacted in the interest of justice and is a most serviceable statute for this attainment. But such statement does not constitute the issue to be tried, and it was notintended that it should contain the formality or precision of a declaration or plea, but is entirely *102 informal. It is not subject to demurrer, but when insufficient the court should require it on motion to be amended; or else strike it out. Columbia Accident Assoc. v. Rockey, 93 Va. 678, 25 S. E. Rep. 1009.
What Sufficient under 1 Rev. Code —Under the statute, 1 Rev. Code, ch. 128, § 86, an account filed with a declaration‘in assumpsit for goods sold, charging goods sold “per account rendered,” with proof that the account was rendered is sufficient. Robinson v. Burks, 12 Leigh 378.
Under 1 Rev. Code, 510, concerning proceedings in civil suits, -fete., an account filed in an action of indebitatus assumpsit, which gives notice of the character- of a claim is sufficient, although it may be made up of various items of which no notice is given. Moore v. Mauro, 4 Rand. 488.
Date of Account Immaterial if Declaration Gives It.— If in describing an account which is filed with it, the declaration in an action of assumpsit gives its date, it was not'an error because the account itself was not dated, where it was presented as a debt at the date of the suit, and a verdict was rendered accordingly. Kenefick v. Caulfield, 88 Va. 122, 13 S. E. Rep. 348.
Items of Account Barred — Directions to Jury to Disregard. — Where an action of assumpsit is brought against an executor or administrator on an account, items of which bear date more than five years before the death of the testator or intestate, it is not necessary that the court should actually expunge those items; but, if they decide that it shall: be done, and direct the jury to disregard them, it is sufficient. Hoskins v. Wright, 1 H. & M. 378.
Must Be Intelligible to Defendant — Description.—In an action of assumpsit, if the plaintiff proceeds under the Statute, Va. Code 1873, ch. 167, §4 (§3285, Va. Code 1887), a copy of the account sued upon, which is served upon the defendant, must be intelligible to him and inform him of the precise nature of the claim of' the plaintiff, and its extent. Burwell v. Burgess, 32 Gratt. 472.
If No Objection Is Made in Lower Court None Can Be Made in-Appellate Court. — If the defendant in an action of assumpsit did not object to the account being proved, which was sued on, in the lower court, he cannot object in the appellate court, because there was no statement of the errors in the account sued on. Varner v. Core, 20 W. Va. 472.
Sec. 3286 of Va. Code — Account with Affidavit Filed with Declaration — No Pleas by Defendant without Affidavit-Waiver or Estoppel. — Where the plaintiff files with his declaration in assumpsit an account verified by his affidavit which is served upon the defendant with the writ, and the case goes to judgment in the office, unless the defendant shall file during term a plea in bar Verified by his affidavit, this judgment will become final with the expiration of the term. But the statutory requirement that the defendant shall not be permitted to file his plea in such case unless Accompanied by his affidavit (Va. Code 1887, § 3286), was imposed for the benefit of the plaintiff in order to prevent him from delay by dilatory pleas, and may be waived by him either expressly or by implication, or he may by his conduct be es-topped from taking advantage of it, as when he takes issue of such plea. Lewis v. Hicks, 96 Va. 91, 30 S. E. Rep. 466; Spencer v. Field, 97 Va. 38, 33 S. E. Rep. 380.
i. Surplusage.
Joint -Plaintiffs — Description as Partners. — In an action of assumpsit, where the plaintiffs are described as partners, but have a joint right of action, the description of them as partners, may be regarded as surplusage. Wilson v. Carter Oil Co., 46 W. Va. 469, 33 S. E. Rep. 249.
Effect. — Any allegations in a declaration which are surplusage, do not vitiate the count, and may be rejected. Patton v. Elk, etc., Co., 13 W. Va. 259.
Agreement to Saw Lumber — Averment of Title In Defendant Need Not Be Proved. — An action of assumpsit was brought upon a contract whereby the plaintiff agreed to cut and saw a large quantity of lumber for the defendant from a tract of land, which was represented to be the property of the defendant. The count in the declaration shows the breach of the contract in refusing to pay for the lumber delivered. An averment that title to the land was in the defendant is surplusage and need not be proved.
2. THE PLEAS.
a. In Abatement. — See monographic note on “Pleas in Abatement” appended to Warren v. Saunders, 27 Gratt. 259.
For Nonjoinder of Proper Defendant. — In assumpsit, the nonjoinder of a cocontractor as defendant can be taken advantage of only by plea in abatement, verified by affidavit, where the omission does not appear on the face of the declaration ; and defendant after pleading the general issue, cannot, at the trial, take advantage of such nonjoinder, on the ground of variance between allegata and probata, though it appears that plaintiffs knew of the joint liability before bringing the action. Wilson v. McCormick, 86 Va. 995, 11 S. E. Rep. 976; Rutter v. Sullivan, 25 W. Va. 427; Prunty v. Mitchell, 76 Va. 169.
b. The General Issue.
With Proper Conclusion Trial May Be Had without Similiter. — If the plea of nonassumpsit properly conclude to the country theNplaintiff has the right to proceed to trial on it, without the formal addition of a similiter, as though issue had been formally joined upon it. Wellsburg v. Kimberlands, 16 W. Va. 555. See W. Va. Code, ch. 125, § 25. Douglass v. Land Co., 12 W. Va. 506; Balt., etc., Co. v. Faulkner, 4 W. Va. 180; Brewer v. Tarpley, 1 Wash. 363.
Issue “Not Guilty” — No Repleader after Fair Trial.— In an action of assumpsit the plea filed was “not guilty”; after a fair trial of the case has been had, all the facts and circumstances of the case have been inquired into, and averdict and judgment have been rendered for the plaintiffs, the court will not allow the defendant the benefit of his own mistake, and award a repleader. While the plea is informal, it is now too late for it to be taken advantage of. Gray v. Kemp, 88 Va. 201, 16 S. E. Rep. 225. See Hunnicutt v. Carsley, 1 H. & M. 153.
Joint Plea — When Additional Plea Is Offered Issue on Which Is the Same Improper to Refuse. — Issue was taken on the joint plea of nonassumpsit filed by two defendants in an action of assumpsit. One of them asked leave to withdraw the plea as to himself, and file a separate one that they did not assume. This was refused, and he then asked leave to file such plea in addition, which was also refused. These rulings were held correct, as the issue on both pleas would be the same. Steptoe v. Read, 19 Gratt. 1.
Plea of “Nil Debet” — After Joinder of Issue and Verdict Error Cured. — Where a plea of nil debet was filed in an action of assumpsit, this plea might have been demurred to. But where the plaintiff did not do so, but chose to join issue upon 'it, after the rendition of a verdict, the appellate court will regard the issue as tried precisely as if the proper general issue rather than the improper one had been made up, and the case will be reviewed as if an *103 issue had been made up on a plea of nonassumpsit. Smith v. Townsend, 21 W. Va. 486.
c. Special Pleas.
(1) Sufficiency and Materiality.
On Assigned Bond — Pleas Insufficient to Bar Recovery. — Assumpsit is brought in the name of D for benefit of V against a defendant as assignor of a bond. The defendant pleads that after assignment to plaintiff, and before bond became due, the plaintiff assigned unto one V all his right, title and interest, and that after assignment and before commencement of the action, the plaintiff took the oath of insolvency, and was discharged as an insolvent, whereby all his estate became vested in the sheriff. Neither of these pleas is a sufficient bar to prevent the plaintiff from maintaining the action. Dunn v. Price, 11 Leigh 203.
Delivery of Barrels under Agreement — Sufficient Plea In Bar. — Where an action of assumpsit was brought upon an agreement for the delivery of a quantity of hour barrels at the defendant’s shop at certain times, with a stipulation that if the plaintiff was not ready to receive them, the same should be counted in the presence of a third party and be thereafter the property, and at the risk of the plaintiff, it was a sufficient plea in bar that the defendant was ready at the appointed times to deliver the barrels to the plaintiff, who was not then ready to receive them, and that the defendant according to the agreement counted the barrels, and at the time stipulated had them ready to be delivered to the plaintiff, and then and there required the plaintiff to receive the same, which he entirely neglected to do. Jones v. Stevenson, 5 Munf. 1.
Action in Insurance Policy — Defence of False Representations and Promises by Assured — Plea Rejected.— To an action of assumpsit on a policy of insurance, on a stock of goods, a plea was filed that the owner of the property insured made false representations to the defendant’s agent when the policy was issued, as to the value of the goods, and false promises to keep the stock up to a certain value. This plea makes no good ground for defence, as the defendant's liability varies with the value of the .stock, and any objection made to it should be rejected. Travis v. Peabody Ins. Co., 28 W. Va. 583.
Immaterial Plea — Confederate Notes.-H during the Civil War draws an order on the auditor of Virginia for interest due him, in favor of the cashier of a bank in Richmond, who collects the amount, and deposits the same to the credit of the drawer, as so much cash or dollars. In an action of assumpsit, the common counts are filed, and in addition to the plea of nonassumpsit, the defendant files a special plea alleging that the deposits were made in confederate treasury notes, and that H agreed that the same might be paid and returned to him. The plea is immaterial. Harrison v. Farmers’ Bank of Va., 6 W. Va. 1.
(2) Statutory Recoupment.
In both Virginia and West Virginia, in any action on a contract the defendant may file a plea alleging any such failure in the consideration of the contract, or fraud in its procurement, or any such breach of any warranty to him of the title to real property, or of the title or soundness of personal property, as would entitle him either to recover damages at law from the plaintiff, or the person under whom the plaintiff claims, or to relief in equity, in whole or in part, against the obligation of the contract, and every such plea must be verified by affidavit. Va. Code 1878, tit. 51, c. 168, § 5, p. 1098; Va. Code 1887, c. 140. § 3299, p. 785; West Va. Code, c. 126. § 5, p. 813; Fleming v. Toler, 7 Gratt. 310; Shiflett v. Orange Humane Soc., 7 Gratt. 297; Isbell v. Norvell, 4 Gratt. 176; Pence v. Huston, 6 Gratt. 304; Watkins v. Hopkins. 13 Gratt. 743; Burtners v. Keran, 24 Gratt. 42; Keckley v. Winchester Union Bank, 79 Va. 458; Huffman v. Alderson, 9 W. Va. 616; Black v. Smith, 13 W. Va. 803; Wellsburg First Nat. Bank v. Kimberlands, 16 W. Va. 555; Morrow v. Bailey, 2 W. Va. 326: Jarrett v. Nickell, 4 W. Va. 276; Fisher v. Burdett, 21 W. Va. 626; Quaker City Nat. Bank v. Showacre, 26 W. Va. 48; Douglass v. West Virginia Cent. Land Co., 12 W. Va. 502; Bias v. Vickers, 27 W. Va. 456.
Recovery by Defendant under § 3299, Va. Code — Bar to Subsequent Action. — A party who filed a special plea under § 3299 of Va. Code for breach of warranty, may recover all damages he has sustained thereby, which he could recover in the action for the breach; but if he only claims a part of the damages he has sustained, and then brings an action of assumpsit for the other damages, the former judgment is a bar to the action. Huff v. Broyles, 26 Gratt. 283.

(3) Set-Off.

When Proper to Reject — Defence to Whole Action.— In an action of assumpsit based on a written contract, the defence goes to the whole action, and alleges the procurement of the contract by fraud and deceit, which, if proven, will defeat the action. A recoupment of damages is therefore not applicable, and the rejection of special pleas and set-offs filed for this purpose was proper. Dillon Beebe’s Son v. Eakle, 43 W. Va. 502, 27 S. E. Rep. 214.
When No Recovery by Defendant in Absence of Set-Off. -In an action of assumpsit the declaration contains only the common counts, and a bill of particulars aggregates a certain sum. Issue is joined upon the defendant’s plea of nonassumpsit and no account of set-off is filed by him. Under a rule of the court the case is submitted to arbitrament, and an award is made in favor of the defendant for a sum of money. No set-off having been filed with the defendant’s plea, the only matter in dispute in the case is the demand of the plaintiff in his declaration and bill of particulars, and this was the only matter submitted to arbitration. Hence an award in favor of the plaintiff is erroneous. Swann v. Deem, 4 W. Va. 368.
Action by Administrator — floney Paid by Surety Since Death of Principal. — In an action of assumpsit by an administrator for a debt due his intestate in his lifetime, the defendant cannot set-off a debt due him for money paid as the surety of the intestate since his death. Minor v. Minor, 8 Gratt. 1.

(4) Payment.

Must Conclude to the Country. — The general plea of payment in an action of assumpsit denying the necessary general allegation of nonpayment must in every case conclude to the country. Douglass v. Central Land Co., 12 W. Va. 502.
Payment after Action Is Brought — Specially Pleaded. —In an action of assumpsit payment after the action is brought must be specially pleaded. Shanklin v. Crisamore, 4 W. Va. 134.
Payment before Action Is Brought. —The common-law rule provides in West Virginia that in an action of assumpsit payment before the action is brought need not be specially pleaded. Shanklin v. Crisamore, 4 W. Va. 134.
(5) Statute of TAmitations.
(a) In General.
Extension of Period by W. Va. Act 1866 — Does Not Apply to Assumpsit. — it was held in Gore v. McLaugh *104 lin, 3 W. Va. 489, that the act of February 27, 1866, in relation to the statute of limitations, extending the time in which actions of trespass and case might be commenced in certain counties of the state, includes only actions of trespass and trespass on the case, and does not apply to actions on the case in assumpsit nor to actions ex contractu.
Time Excluded from Operation of Statute. — The time excluded by law from the operation of the statute of limitations in assumpsit, is from the 17th of April 1861 to the 1st of March, 1865. Balt., etc., Co. v. Faulkner, 4 W. Va. 180; Gore v. McLaughlin, 3 W. Va. 489.
(b) To What Time It Relates.
The Bringing of the Suit. — The plea of nonassumpsit within five years relates to the time of the bringing of suit, and not to the time of the filing of the plea. Henderson v. Foote, 3 Call 248, distinguishing Smith v. Walker, 1 Wash. 135.
If General to Piling of Plea. — The plea of non assumpsit within five years, if general, will refer to the time of the plea pleaded, whereas it ought to refer to the institution of the suit, and if it concludes to the country the plaintiff will be precluded from bringing himself within the benefit of some of the exceptions to the act of limitations, by a replication. Smith v. Walker, 1 Wash. 135.
(c) Answer to Plea,
Sale of Slaves Recovered within Five Years Prior to Action. — in an action of assumpsit against an administrator, he pleads the statute of limitations. It is no answer to the plea, that the defendant’s intestate sold to plaintiff slaves in payment of the debt declared on, and that the defendant, since the death of his intestate, had, as administrator, sued for, and upon the title alone, without regard to intestate’s indebtedness to the plaintiff, had recovered the said slaves from the plaintiff within five years before the action brought. Johnson v. Jennings, 10 Gratt. 1.
(d) Form of Plea,
Debt Discharged in Bankruptcy — New Promise.— Where a debt is discharged in bankruptcy within five years after it is incurred, and a suit is brought on a new promise to pay it within five years after the new promise, a plea is bad that five years have elapsed since the original cause of action, or since the discharge inbankruptcy, and should be rejected. Horner v. Speed, 2 P. & H. 616.
Breach of Contract for Occupation of Land. — In an action of assumpsic for the use and occupation of land, where the cause of action arises from the breach of the contract, and not at the time of the making of the same, the plea that the defendant did not assume, as in the declaration set forth, within five years prior to the commencement of this suit, is not a proper plea. It should have been that the action did not accrue within five years prior to the commencement of this suit. Atkinson v. Winters (W. Va.), 34 S. E. Rep. 834.
(6) Pleas Provable under the General Issue.
Rejection Discretionary with the Court. — It is not an error for the court to reject special pleas setting up matter in defence to the action of assumpsit, when the plea of nonassumpsit has been filed, and the matter of the defence of such plea may be given in evidence under the plea of nonassumpsit, as their rejection could not have prejudiced the defendant. Bennett v. Perkins (W. Va.), 35 S. E. Rep. 8; Crews v. Farmers’ Bank, 31 Gratt. 348; Fire Assoc. v. Hogwood, 82 Va. 342, 4 S. E. Rep. 617; Va., etc., Ins. Co. v. Buck, 88 Va. 517, 13 S. E. Rep. 973; Hale v. W. Va., etc., Co., 11 W. Va. 229; Balt., etc., Co. v. Laffertys, 14 Gratt. 478; Fant v. Miller, 17 Gratt. 47; Balt., etc., R. Co. v. Whittington, 30 Gratt. 805; Balt., etc., R. Co. v. Polly, 14 Gratt. 453; Brown v. Town of Point Pleasant, 36 W. Va. 290, 15 S. E. Rep. 209.
Where it is apparent from the character of the evidence that it had been introduced' by the defendant under the general issue, it is not error to reject special pleas provable thereunder, setting up the ‘same defence. George Campbell Co. v. George Angus & Co., 91 Va. 438, 22 S. E. Rep. 167; Southern Ry. Co. v. Wilcox, 7 Va. Law Reg. 381; Richmond, etc., Ry. Co. v. New York, etc., Ry. Co., 95 Va. 386, 28 S. E. Rep. 573.
In West End Co. v. Claiborne, 97 Va. 734, 34 S. E. Rep. 900, it was said that special pleas should be rejected when they contained defences which could be made under the general issue.
But in the recent case of Ches., etc., R. Co. v. Rison (Va.), 37 S. E. Rep. 320, 6 Va. Law Reg. 665, it was held that it was not error to permit the defendant to plead specially matters provable under the general issue, but not amounting to it. Phlegar, J., said; “Whileit has been held by this court not to be error to reject special pleas alleging matter which could be given in under the general issue (Fant v. Miller, 17 Gratt. 67; Va., etc.. Ins. Co. v. Buck, 88 Va. 517, 13 S. E. Rep. 973), no case has been found which was reversed because such pleas were admitted.” For collection of cases on this point see foot-note to Fant v. Miller, 17 Gratt. 67.
In Maggort v. Hansbarger, 8 Leigh 532, which was an action, of assumpsit, Parker, J., delivering the opinion of the court, said: ‘T know of no rule which inhibits the party from pleading specially what he might give in evidence under the general issue, unless the matter pleaded amounts to the general issue, that is, denies the allegations which the plaintiff is bound to prove. But where the cause of action is avoided by matter ex post facto, it may always be specially pleaded, whether it could be given in evidence under the general issue or not.”
Special Pleas Amounting to General Issue Should Be Rejected. — When the effect of a special plea is to deny that the plaintiff in assumpsit ever had such a cause of action as is alleged in the declaration, it is equivalent to the general issue, and will be rejected on objection. Travis v. Peabody Ins. Co., 28 W. Va. 583; Balt., etc., R. Co. v. Polly, 14 Gratt. 447; Bank of Wheeling v. Evans, 9 W. Va. 373.
Special Plea in Discharge of Action May Be Filed. —But special pleas containing matters in discharge of the action might be filed; nevertheless, their rejection by the lower court will be no ground of reversal on appeal, where the case is decided on demurrer to the evidence, as no injury could have resulted to the defendants, all their defence being admissible under the general issue of nonassumpsit. Bank of Wheeling v. Evans, 9 W. Va. 373.
While a special plea, setting forth matters in discharge of the action, may be filed when the plea of nonassumpsit has been filed, yet when the matters set up in said plea may be given in evidence under the general issue, it is not error to reject such plea. Dillon Beebe’s Son v. Eakle, 43 W. Va. 502, 27 S. E. Rep. 214.
Rejection of Special Plea with Leave to Plead General Issue Not Error. — In indebitatus assumpsit, if the defendant, after office judgment and a writ of enquiry, offers to plead in abatement that the matter of the suit was contained, in a covenant under-seal, and the court reject the plea, but give leave to plead the general issue, it will not be error; *105 for the defendant might have given the special matter in evidence under the general issue, and if it had been refused, might have filed an exception to the opinion. Porter v. Harris, 4 Call 485.
3. THE REPLICATION.
To Plea of Feme Covert — That She Lived Apart from Her Husband. — The defendant to an action of assumpsit on the common counts pleads that she was a married woman at the time of making the promises and undertakings declared on. The plaintiffs replication alleges that at that time she was living apart and separate from her husband. This is a good replication. Peck v. Marling, 22 W. Va. 708.
Defendant Hay Waive Objection to Want of Replication — In an action of assumpsit the defendant plead nonassumpsit, on which plea issue was joined. He also filed a special plea for damages, but no replication was made to this, thereby entitling the defendant to nominal damages, and the jury tried the “issues joined.” No objection to the want of a replication was made by the defendant, neither was any evidence offered to support the special plea, and judgment was rendered for the plaintiff. § 3300 of the Va. Code declares that every issue on a special plea of set-off shall he upon a general replication that the plea is not true. The failure to file the replication in this case did not invalidate the proceedings, but by not objecting the defendant consented to the trial, and he was in no position to complain of the irregularity. Briggs v. Cook (Va.), 38 S. E. Rep. 148.
4. DEMURRER.
To Whole Declaration When One Count Is Good.— Where a general demurrer is filed to the whole declaration in an action of assumpsit, if any one of the several counts therein he good, or if one of several divisible matters in a single count be good, the general and familiar rule is that the demurrer must be overruled. Wright v. Smith, 81 Va. 777. See also, Power v. Ivie, 7 Leigh 147; Hollingsworth v. Milton, 8 Leigh 50; Henderson v. Stringer, 6 Gratt. 130; Ferrill v. Brewis, 25 Gratt. 766; Gray v. Kemp, 88 Va. 201, 16 S. E. Rep. 225; Nutter v. Sydenstricker, 11 W. Va. 535; Sheppard v. Peabody Ins. Co., 21 W. Va. 368.
No Ground if Bill of Particulars Is Vague. — A failure to file a bill of particulars with a declaration in assumpsit, or if the bill is too vague and indefinite when filed, is no ground for demurrer. Sheppard v. Ins. Co., 21 W. Va. 368. See Abell v. Ins. Co., 18 W. Va. 400; Choen v. Guthrie, 15 W. Va. 113.
No Demurrer without Issue Joined. — In an action of assumpsit it is an error to permit the defendant to cross-examine the witnesses, or to demur to the evidence, without any plea having been filed or issue joined in the case. Petty v. Frick Co., 86 Va. 501, 10 S. E. Rep. 886.
Joinder of Absolute and Conditional Promise to Pay— Demurrer Improper. — In an action of assumpsit brought on a new promise to pay a debt which has been discharged in bankruptcy, it is no ground of demurrer to the declaration that two counts are joined in the same declaration, one on an absolute promise to pay, and the other on a conditional promise to pay when able. Nor is there any ground of demurrer to the first count that it declared on the new promise, and not on the original cause of action, for in such case the declaration may be in either form. Nor does a demurrer lie to the second count, that it does say in what the ability to pay consists. Horner v. Speed, 2 P. & H. 616.
Count in Tort Not Demurrable if It Contains Sufficient Matter to Maintain Assumpsit. — A declaration in assumpsit contains three counts, two of which are clearly in assumpsit, the third count is demurred to on the ground that the matter set forth therein is a tort, for which the action of assumpsit is not the proper remedy. But if sufficient matter is stated therein to maintain the action of assumpsit, the demurrer will be overruled. Hoppess v. Straw, 10 Leigh 348.
Declaration Is Sufficient if It Contains in Effect All Allegations Prescribed by Statute —A declaration in assumpsit on an insurance policy, not being intended to adopt the form prescribed by ch. 66 of the Acts of 1877, but that of the common law, will be held sufficient on demurrer where it in effect contains all the allegations prescribed by the statute. Travis v. Insurance Co., 28 W. Va. 583.
A declaration in asvsumpsit on a life insurance policy which is drawn in substantial conformity with the statute (Va. Code 1873, ch. 167, sec. 14), and sufficiently and accurately sets out the interest of the assured is good, and a demurrer to it was properly overruled. Valley, etc., Life Assoc. v. Teewalt, 79 Va. 421.
No Demurrer to Affidavit Denying Partnership,— Section 41, of ch. 125, of the W. Va. Code as amended by ch. 76, of the Acts of 1875, provided that where plaintiffs or defendants sue or are sued as partners and the names of the partners are set out in the declaration, it is not necessary to prove the partnership, unless with the pleading putting the matter in issue there be an affidavit denying such partnership. In an action of assumpsit brought by partners the defendants pleaded nonassumpsit and filed an affidavit denying the partnership. A demurrer to the affidavit was held immaterial pleading, and it was not error to try the case without noticing the demurrer. Rutter v. Sullivan, 25 W. Va. 427.
Insufficient Allegation. — In an action of assumpsit on a promissory note, the count alleges by the defendants, the makers, “a promise to pay the further sum of $6,000 (meaning and intending thereby $4,000), whereby the makers became liable to pay $4,000.” This count was held bad on general demurrer. Bank of Wheeling v. Evans, 9 W. Va. 373.
Amendment of Count Demurrer to Which Erroneously Sustained in Lower Court. — Upon a demurrer to a count of a declaration in an action of assumpsit on the ground of duplicity, the demurrer is sustained, and thus the plaintiff, with the leave of the court amends the count. He cannot object in an appellate court that the court below erred in sustaining the demurrer. Hopkins v. Richardson, 9 Gratt. 485.
VI. EVIDENCE.
1. PRESUMPTION.
Possession of Personal Property Presumptive of Ownership. — In an action of assumpsit for breach of marriage contract, letters were admitted in handwriting of the plaintiff and addressed to respectively “Miss Mary,” “Dear Mary” and “Dear Mollie.” It was objected that the possession of these letters by the defendant did not constitute prima facie evidence of ownership in herself, and that she would have to prove by other competent testimony that she was the identical person to whom they were addressed. The well-settled doctrine is that possession of personal property is prima facie evidence of title and ownership and it is clear that possession of these letters by the defendant raised a strong presump *106 tion that they were intended for her, and it was for the plaintiff to rebut this presumption. Tefft v. Marsh, 1 W. Va. 38.
Of Checks as Evidence. — A check, which is offered in evidence under the money counts in an action of assumpsit, is only prima facie evidence of money lent, etc., and the presumption raised by the check is rebutted when it is proved that no money had come into the hands of the defendant. Blair v. Wilson, 28 Gratt. 165.
2. ADMISSIBILITY, COMPETENCY AND RELEVANCY.
Admissions of Cocontractor Binding — Account.— Admissions by a cocontractor as to the correctness of an itemized account-presented to him by plaintiffs, relating to the subject-matter of the contract are binding on defendant, and are admissible against him in an action of assumpsit. Wilson v. McCormick, 86 Va. 995, 11 S. E. Rep. 976.
Parol Evidence — Admissible to Show Contract a Guaranty. — in an action of assumpsit on assigned bonds, given as security for the payment of the purchase price of a tract of land, the defendant was declared against in one of the counts as an assignor, and in the others as a guarantor. In this case parol testimony is admissible to show the contract to be a guaranty, if such was the understanding, and recovery may be had upon it when so proved. Welsh v. Ebersole, 75 Va. 651.
Same — Admissible to Show Agency. — Where the paper sued on in an action of assumpsit is of doubtful meaning, being signed by the defendant, parol testimony is admissible to show that the defendant was the agent of a chief commissary in the Confederate army, and that the plaintiff knew that the defendant only bought as his agent. Walker v. Christian, 21 Gratt. 291.
Not Admissible under Insufficient Bill of Particulars, —If an insufficient bill of particulars is filed, evidence under it will not be admitted in an action of assumpsit. Minor v. Minor, 8 Gratt. 1.
Under § 4, Ch. 120 of W. Va. Code — Evidence of Specific Payments Hay Be Objected to Where No Bill of Particulars. — On a failure of the defendant to file with his plea of payment any bill of particulars, it is clear that under ch. 120, § 4 of the W. Va. Code, the plaintiff could have objected to the admission of any proof of any specific partial payment on the ground of surprise. But if he permits them to be proved, he thereby waives all objections, and they may be considered by the jury. Smith v. Townsend, 21 W. Va. 486.
Corporate Deed Admissible to Prove a Corporation.— In an action of assumpsit against a private corporation, a deed of the corporation signed in the corporate name by the secretary, under its corporate seal, duly acknowledged by the secretary, reciting that it is a corporation formed according to law, is admissible as evidence to prove the legal existence of the defendant as a corporation. Anderson v. Kanawha Coal Co., 12 W. Va. 526.
Written Agreement Admissible to Prove Occupation of Land and Terms of Rent. — In an action of assumpsit brought for the use and occupation of a tract of land, the written agreement for the rental may appear in evidence as proof of the occupation of the land by the plaintiff, and of the terms of the rent. Atkinson v. Winters (W. Va.), 34 S. E. Rep. 834; Goshorn v. Steward, 15 W. Va. 637.
Admission of Bailee Competent to Prove Him Liable for Loss of Slave. — The bailee of a slave, who was hired for farm work, without the permission of the 1 bailor carried him on a voyage down the Ohio river where he was drowned. The admissions of the bailee to third persons that he had no authority to take him on the voyage, and that he would be liable in case the slave be lost, are competent evidence against him in an action of assumpsit for damages for the loss of the slave. Spencer v. Pilcher, 8 Leigh 565
To Prove Wages of Slave Customary Hire for Farm Labor. — in an action of assumpsit brought for recovery of damages for the loss of a slave who was drowned, it was held relevant and admissible evidence to show that the amount of his hire was the usual and customary price for farm labor, and not for voyages down the Ohio river, where the bailee had wrongfully taken him. Spencer v. Pilcher, 8 Leigh 565.
Third Person Furnished Goods — Competent Witness. —In an action of assumpsit for goods furnished to a third person, such person is a competent witness for the plaintiff. Ware v. Stephenson, 10 Leigh 155.
Action on Assumpsit of Testator — Assumpsit of Executor Not Evidence. — in an action of indebitatus assumpsit brought against the administratrix of the intestate upon a store account, the declaration contained two counts, one for goods sold and delivered, and the other the quantum valebant, and in both instances charged the assumpsit of the testator. To this declaration the plea of nonassumpsit was filed, and on the trial of the issue upon the assumpsit of the testator the assumpsit of his executor cannot be received in evidence to establish the demand. Quarles v. Littlepage, 2 H. & M. 401.
Statement by Third Person Not Evidence in Action on Collateral Promise. — in an action of assumpsit on a collateral promise, a statement or account in writing by a third person showing the amount for which the defendant is liable is not evidence, although that person was the agent employed by the defendant in performance of the contract. Pasteur v. Parker, 3 Rand. 458.
Joint Defendants — One Not Competent to Prove Himself Alone Bound —In an action of assumpsit on a joint, or a joint and several contract against two defendants, one of them is not a competent witness to prove that he was the only party to- the contract, and alone bound by it. Steptoe v. Read, 19 Gratt. 1.
Examination of Same Witness in Prior Suit between Same Parties No Ground for Exclusion —In an action of assumpsit the testimony of witnesses offered to prove the items in the plaintiff’s account, ought not to be excluded from the jury on the ground that, in an action of debt between the same parties, the record of which action is not exhibited, determined during the pendency of the action of assumpsit, one of those witnesses was examined touching the same items claimed by the plaintiff, to repel or set off the credits then claimed by the defendant. Robertson v. Depriest, 6 Munf. 469.
Plaintiff Incompetent — § 23, ch. 130, Code W. Va. 1868. — In an action of assumpsit brought to recover for work and labor done by the plaintiff for the decedent of the defendant, it was an error to permit the plaintiff to testify in her own behalf, in accordance with provisions of the 23d §, ch. 130 of. thé W. Va. Code of 1868. Owens v. Owens, 14 W. Va. 88.
Settled Account — No Evidence to the Items. — The defendant in an action of indebitatus assumpsit upon a settled account cannot go into an enquiry concerningthe justice of the several items of demand stated in the account. Lyne v. Gilliat, 3 Call 5.
*107 Action on Rescinded Contract under Seal — Admissible Evidence. — In an action of assumpsit for the recovery oi money on a rescinded contract, the plaintiff may introduce the contract which is under seal. Its introduction not being for the support of the form of action, but as evidence to support the plaintiff's case, it is competent for the court to permit the plaintiff to offer it as evidence. Buena Vista Co. v. McCandlish, 92 Va. 297, 23 S. E. Rep. 781.
Action on Contract for Building a House — Evidence Admissible to Show Work Defective, etc. — A contract under seal is made between a builder and another person for the erection of a house, with provisions that if it is not finished by a certain time deduction shall be made from the amount agreed to be paid equal to the rent for the period of delay. Before work is commenced a parol agreement is made between the parties changing the work to be performed. Advances are made to the builder, and after the completion of the work there is a disagreement between the parties, and the builder brings an action of assumpsit for the balance due him in three counts, indebitatus, Quantum meruit, and insimul computassent. The defendant pleads nonassmnpsit and set-off. It was held, that evidence is admissible to prove that the work done according to covenant was defective and insufficient, and that the house was not completed by the time agreed, and the rent which would have been received had it been completed; and the plaintiff's claim can be diminished by the amount of such damages arising thereby. Davis v. Baxter, 2 P. & H. 133.
Assumpsit of Debtor in Five Years flay Be Shown.— The act of 1792, 1 Rev. Code, p. 167, which makes it the duty of the court “in an action upon an open account against an executor or administrator, to cause to be expunged from such account items appearing to have been due five years before the death of the testator or intestate,” relates only to open accounts and does not extend to settlements or assumptions, and therefore plaintiff in an action of assumpsit, in order to take his case out of the act, may give in evidence an assumpsit of the testator or intestate, within five years, to pay a stated balance. Brooke v. Shelly, 4 H. & M. 266.
Verdict and Evidence Submitted to Court — Judgment Given on Merits Whether Evidence Admissible or Not. —If the jury submit it to the court whether evidence annexed to their verdict supports either count in the declaration, and it appears that the plaintiff has not a right to the money claimed, judgment shall be given against him on the merits, whether the evidence was admissible under that form of declaring or not. Wood v. Luttrel, 1 Call 232.
Action for Work Done — Written Contract Must Be Produced, or Accounted for and Contents Proved. — If it appears from the plaintiff's evidence in an action of assumpsit for work and labor done, that the work was done under a written contract, it must be produced, or its nonproduction accounted for. and its contents proved, before the case can be further proceeded with. Balt., etc., R. Co. v. Polly, 14 Gratt. 447.
3. SUFFICIENCY.
What Sufficient to Charge Assignor of Nonnegotiable Paper. — in an action of assumpsit by the assignee against the assignor of a nonnegotiable instrument, the plaintiff to maintain his action must show that the maker was insolvent at the time the instrument was made or the contents fell due, or that he has used due diligence to recover from the maker and has failed, or that from some cause such a suit would have been of no avail. Merchants’ Nat. Bank v. Spates, 41 W. Va. 27, 23 S. E. Rep. 681.
Proof of Plaintiff’s Demand Necessary — Admission of Defendant. — The plaintiff in a declaration in assumpsit must prove the amount of his demand, although the defendant admits that he owed a debt. This admission is not sufficient to charge the defendant with the whole demand of the plaintiff. Quarles v. Littlepage, 2 H. & M. 401.
Engineer’s Estimate Conclusive by Contract — Proof of Fraud Sufficient to Recover. — in an action of assumpsit for work and labor by a contractor on a railroad, against the company, under a special contract which provides that the final estimate of the engineer shall be conclusive upon the parties, if the plaintiff proves that the final estimate made by the engineer was fraudulently made, he may recover without proving further that he was unable to procure such final estimate as is required by the contract after demand on the company, or other proper exertions on his part. Balt. & O. R. Co. v. Polly, 14 Gratt. 447.
Acknowledgment of Defendant — Promise to Settle— Not Sufficient to Justify Verdict. — On a plea of nonassumpsit within five years, it was proved that the defendant within that time acknowledged the items in the plaintiff’s account to be just, but said that he had some offsets ; and that at a subsequent time, the defendant promises the plaintiffs to settle all their accounts fairly, and would not avail himself of the act of limitation. It was held that this proof was not sufficient to justify a verdict for the plaintiff. Sutton v. Burruss, 9 Leigh 381, 33 Am. Dec. 246.
Recovery of Lost Note Sufficient to Show It Genuine —Possessory Interest of Finder. — In an action of assumpsit brought by the finder of a bank note against a gratuitous bailee, to whom he had delivered it, it was held that such bailee was not liable for the loss of the note unless it was the result of gross negligence on his part, and that to entitle the plaintiff to recover he must show that the note was genuine and of the value claimed. In the absence of any claims of the rightful owner the finder has such a possessory interest in the note as will entitle him to recover the sum from the bailee, if he refuse to redeliver it. Tancil v. Seaton, 28 Gratt. 601.
4. UNDER THE COMMON COUNTS.
Check Admissible under Money Counts — Evidence of. — In an action of assumpsit the declaration in which contains the money counts, a check may be offered in evidence thereunder, and if there is no other evidence in the case, it is of itself sufficient to entitle the plaintiffs to recover on those counts. Blair v. Wilson, 28 Gratt. 165.
Evidence of Special Agreement Not Allowed under Common Counts. — fn an action of general indebitatus assumpsit for services rendered as an overseer, or a Quantum meruit for likewise services, the plaintiff cannot give in evidence the proof that the defendant had employed him as overseer, and was to pay him a certain quantity of tobacco. In such case he should declare upon the special agreement. Brooks v. Scott, 2 Munf. 344.
But Special Contract Must Appear from Plaintiff.— The defendant in an action of assumpsit cannot arrest the plaintiffs in the making out of their case, by appearing to show that the work sued for in the common counts, was done under a special contract, it not appearing from the plaintiff’s evidence that there was any such contract. Balt., etc., R. Co. v. Polly, 14 Gratt. 447; B. & O. R. R. Co. v. Laffertys, 14 Gratt. 478.
*108 Money Counts — Necessary That the Money Be Actually Received. — Money levied by the sheriff upon a judgment which is afterwards reversed, cannot be recovered back by general indebitatus assumpsit for money had and received, without proof that the money was actually received by the plaintiff, or applied to his use. Isom v. Johns, 2 Munf. 272.
Hire of Slaves by Copartners — What Writing by One Sufficient for Recovery. — Where the declaration was upon a general indebitatus assumpsit for the hire of five slaves, for which the defendants, being copartners, promised on the 1st of January 1811, to pay the plaintiff the sum of $350, when they should be thereunto afterwards required, the plaintiff should not recover upon a writing signed by one of the defendants, certifying that he had hired of the plaintiff five slaves at the price of $350, and that this should entitle the plaintiff to the other defendant’s bond for the same, payable on the 1st of January, 1811. Wooddy v. Flournoy, 6 Munf. 506.
Account Stated — Witness May Testify That Defendant Acknowledged the Debt and Promised to Pay.— The plaintiff in assumpsit filed with his declaration an account commencing in these words: “1833, Jan’y 1. To balance due per account rendered, $1,405.07,” which account he produced at the trial, and a witness was introduced to prove, that, at the date of this item, the plaintiff delivered to the defendant a full bill or account to the amount of $1,405.07, and that the defendant acknowledged the same, and promised to pay it: It was held, that such proof may be received under the insimul computassent count. Fitch v. Leitch, 11 Leigh 471.
When inadmissible Evidence Would Have Been Admissible under Common Counts. — When a special contract is sued od in an action of assumpsit, and the proof varies materially from the declaration and is hence inadmissible, the proof, however, would have been admissible, if the declaration had contained a common indebitatus count. Davisson v. Ford, 23 W. Va. 617.
5. UNDER THE GENERAL ISSUE.
General Rule — Exceptions.—Under the plea of nonassumpsit in all actions of assumpsit, whether founded on an implied or express promise, any defence whatever which tends to deny the liability of the defendant may be admitted in evidence. The statute of limitations, bankruptcy and tender are believed to be the only defences which may not be proved under this plea, and they are excepted because they do not contest that the debt is owed, but insist only that no action can be maintained for it. 4 Min. Inst. (3d Ed.) 770; Va., etc.. Ins. Co. v. Buck, 88 Va. 517, 13 S. E. Rep. 973; Morgantown Bank v. Foster, 35 W. Va. 357, 13 S. E. Rep. 996. And by § 3298 of the Code of Virginia it is provided that: “In a suit for any debt the defendant may at the trial prove, and have allowed against such debt, any payment or set-off which is so described in his plea, or in an account filed therewith, as to give the plaintiff notice of ’its nature, but not otherwise.” See also, § 4, ch. 126 of Code of West Virginia, and Smith v. Townsend, 21 W. Va. 486.
Failure of Consideration May Be Proved under the General Issue — § 3299, Virginia Code Construed. — In an action of assumpsit the defence of failure of consideration was set up under the general issue. It was claimed that this could only be done by special plea under § 3299 of the Va. Code, verified by affidavit, and in this case the'requirements of the statute had not been conformed to, nor was it verified by affidavit. Prior to the enactment of this section in 1831, according to the practice at common law, it was competent to prove under the plea of nonassumpsit, failure of consideration, or anything which proved that no existing debt was due, with a few exceptions. (Columbia Accident Assoc. v. Rockey, 93 Va. 684, 25 S. E. Rep. 1009, and cases there cited.) The object of this statute was to enlarge the right of defence existing at common law by enabling defendants to make such defences to sealed instruments; and also to recover against the plaintiff any excess of damages he might have sustained, in order to settle all the rights of the parties under the contract in one suit. It does not impair any previous right, nor take away the right of any defence which the law had previously permitted to be made. Columbia Accident Assoc. v. Rockey, 93 Va. 678, 25 S. E. Rep. 1009. The contrary view is maintained in 1 Barton’s Law Pr. (2d Ed.) 491; 4 Min. Inst. (3d Ed.) 770, 798‘, and in Keckley v. Union Bank, 79 Va. 458, where it was suggested that failure of consideration could not be proved under the general issue, but had to be filed as a special plea under § 3299, and verified by affidavit.
No Prejudice in Rejecting Plea, Evidence under Which Provable under General Issue. — Where the evidence to sustain a special plea, the issue upon which has not been properly made up, was admissible under the general issue which had been pleaded, in an action of assumpsit a judgment on a verdict will not be reversed for such irregularity, because such error could not in any manner prejudice the defendant, as no evidence could have been- received under such special plea, except such as could have been received under the plea of nonassumpsit. Douglass v. Central Land Co., 12 W. Va. 502.
Accord and Satisfaction. — The defence of accord and satisfaction may be given in evidence under the plea of nonassumpsit, and it is not necessary that such a defence shall be pleaded specially. Bank of Wellsburg v. Kimberlands, 16 W. Va. 555.
Usury. — Under nonassumpsit usury may be given in evidence. Bank of Wheeling v. Evans, 9 W. Va. 373.
Illegality of Contract. — In an action of assumpsit the defence that the contract was illegal is clearly admissible under the general issue. Southern Railway Co. v. Wilcox (Va.), 39 S. E. Rep. 144, 7 Va. Law Reg. 381; Va. F. & M. Ins. Co. v. Buck, 88 Va. 517, 13 S. E. Rep. 973.
Fraud. — Under the general issue j oined in an action of assumpsit, brought upon an award founded on parol submission, it is competent to prove at the trial that the submission of the defendant to the arbitration was procured by fraud. Bierly v. Williams, 5 Leigh 700.
Award Pending Suit Inadmissible. — An award made pendente lite cannot be given in evidence upon the plea of nonassumpsit. Harrison v. Brock, 1 Munf. 22.
Specific or Partial Payment before Suit. — The common-law rule prevails in West Virginia that in an action of assumpsit payment before the action is brought may be given in evidence under the general issue. A general payment before the suit is brought may be proved without a bill of particulars, but no specific or partial payment before suit is brought can be proved unless its nature and the several items thereof are filed with the plea. Shanklin v. Crisamore, 4 W. Va. 134.
Existence of Corporation Must Be Proved. — In Virginia and West Virginia on an issue joined on a plea of nonassumpsit in an action of assumpsit against a *109 private corporation, it is necessary to prove the existence of such corporation. Anderson v. Kanawha Coal Co., 12 W. Va. 526, citing Grays v. T. P. Co., 4 Rand. 578: Rees v. Conococheague Bank, 5 Rand. 329; Taylor v. Bank of Alex., 5 Leigh 475; Jackson v. Bank of Marietta, 9 Leigh 244; Hart v. B. & O. R. Co., 6 W. Va. 336.
Assumpsit of Partner on Dissolution. — If there be several partners, and one of them after the partnership is dissolved assumes a partnership debt, but afterwards pleads the act of limitation jointly with the other partners, to an action of assumpsit brought upon an account stated, the assumpsit may be given in evidence, for the plea of nonassumpsit admits that the defendants did once assume. Brockenbrough v. Hackley, 6 Call 51.
Evidence Inadmissible at Variance with Agreement Sued on —A declaration in assumpsit brought upon a written agreement had no allegation concerning a note attached to the agreement, varying its terms. When the agreement was offered in evidence under the general issue it had the said note attached to it, and it was held inadmissible evidence, as there was a fatal variance between the agreement declared on and the agreement offered in evidence, unless it appeared that the note was attached without the knowledge or consent of the plaintiff, and hence was no part of the agreement. Newell v. Mayberry, 3 Leigh 250, 23 Am. Dec. 261.
Affidavit and Set-Off — Evidence of Latter Admissible When No Plea of Set-Off. — The defendant to an action of assumpsit pleads nonassumpsit, and with it files affidavit of set-off, and the set-off, which is a note. Though there is no plea of set-off or bill of particulars. the evidence in relation to the set-off is properly admitted. Bell v. Crawford, 8 Gratt. 110.
Action on Assumpsit of Testator — Assumpsit of Executor Inadmissible. — In an action of assumpsit upon the case against an executor charging an assumpsit of the testator, and on the plea of nonassumpsit by the testator within five years, an assumpsit of his executor cannot be given in evidence, to prevent the operation of the act of limitation. Fisher v. Duncan, 1 H. & M. 563. See Quarles v. Littlepage & Co., 2 H. & M. 401, and the cases there cited.
Bailment-Character of Bailee Inadmissible. — in an action of assumpsit brought to recover a sum of money in gold, which had been delivered to the defendant for safe-keeping, the only plea filed was nonassumpsit. The defence was that he had been robbed of it, while the plaintiff tried to prove a fraudulent appropriation by defendant. In this case evidence of the general character of the defendant is not admissible, and his failure to produce evidence of his good character is no ground for inference unfavorable to his integrity. Danville Bank v. Waddill, 31 Gratt. 469.
Same — Robbery.—In an action of assumpsit to recover a sum of money in gold which had been delivered by the plaintiff to the defendant for safekeeping in bank, under the plea of nonassumpsit the defendant was allowed to prove that he had been robbed. Danville Bank v. Waddill, 31 Gratt. 469.
Action against Corporation — Bill of Exchange Drawn by It Admissible — In an action of assumpsit against a private corporation it is proper to receive in evidence, on the trial of the issue of nonassumpsit, the bill of exchange drawn by the defendant on its agent, in favor of the plaintiff, and particularly described in the bill of particulars filed with the declaration, which contains the common money counts. They are clear admissions by the defendant of the justice of the plaintiff’s demand, and were made by the defendant in the most solemn manner. To reject them would be obvious error. Anderson v. Kanawha Coal Co., 12 W. Va. 526.
Honey Counts — Evidence of Source of Funds Admissible. — In an action of assumpsit for various sums of money lent to or paid for the defendant’s intestate, though payments or set-offs cannot be proved withont an account of such payments or set-offs filed, yet defendant under the general issue may prove that the money sued for or any part of it was not lent to or advanced for the intestate, but was paid out of money of the intestate in the hands of the plaintiff. Johnson v. Jennings, 10 Gratt. 1.
Action for Balance Due on Account with a Tanner— What Admissible. — In an action of assumpsit there were two counts, one for the agreed price of goods sold, and the other, quantmn valebant for the same. The proof under the general issue is that the plaintiff (a tanner) received raw hides from the defendant, and credited him for the value, and sent him in return tanned leather and charged him with the value thereof. The debt claimed is the balance due on these dealings, and the proof is properly applicable to, and sustains the declaration. Gore v. Buzzard, 4 Leigh 249.
Sec. 3298, Va. Code Construed — Account Filed as Defence with General Issue. — In Johnson v. Jennings, 10 Gratt. 1, it was held, in construing § 3298 of the Va. Code of 1887, enacting that, “In a suit for any debt, the defendant may at the trial prove and have allowed against such debt any payment or set-off which is so described in his plea, or in an account filed therewith, as lo give the plaintiff notice of its nature, but not otherwise,” that in the absence of such an account as contemplated by the statute, under the plea of nonassumpsit evidence will not be admitted to prove specific payment. Approved in Rich., etc., Co. v. Johnson, 90 Va. 777, 20 S. E. Rep 148.
VII. VARIANCE BETWEEN ALLEGATION AND PROOF.
1. WHEN MATERIAL.
Common Counts — Goods Paid for by Check. — Where an action of assumpsit is brought for goods sold and delivered, the declaration filed contains only the common counts, the bill of particulars is filed, and the only count in the declaration to which the evidence applied, was that for goods sold and delivered. If it is shown that the goods were absolutely paid for by a check, the demand upon the account is thereby extinguished, and there is no count in the declaration upon which the plaintiffs can recover. Blair v. Wilson, 28 Gratt. 165.
Qualification of Liability Must Be Noticed in Declaration. — Where the contract of the defendant, who is sued thereon in an action of assumpsit, contains as a part of it a provision qualifying his liability, the plaintiff in the declaration must notice such provision, or there will be a fatal variance. When this provision however in the written instrument is distinct from the clause on which the debt is charged, it is a matter of defeasance which should come from the other side. Simmons v. Insurance Co., 8 W. Va. 474.
Insurance — Omission to State Hour When Policy Began. — The declaration in an action of assumpsit brought on the insurance policy alleges that the policy was not in force “from the said 6th day of January 1870, until the 6th day of January 1871,” *110 whereas the policy states, “from the 6th day of January 1870, at noon to the 6th of January 1871, at noon.” This is a material variance between the policy described and the policy produced. Simmons v. Insurance Co., 8 W. Va. 474.
Same — Declaration Must Conform to Requirements of Policy. — The declaration in an action of assumpsit on an Insurance policy states that the money was “to be paid to the plaintiff in sixty days after notice and proof of the same,” etc., while the policy states “the amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid sixty days after due notice and proofs of the same made by the assured and received, at this office,” etc. This is a material variance. Simmons v. Insurance Co., 8 W. Va. 474.
Entire Consideration Must Be Stated. — In an action of assumpsit founded on special contracts to recover damages for the failure and refusal to perform the same, generally the entire consideration must he stated, and the entire act to be done in virtue of such consideration; and generally in actions on special contracts, if any part of the contracts vary materially from that which is stated in the declaration it will he fatal, as a contract is an entirety. In cases of such material variance, on motion of the defendant’s counsel the evidence of the plaintiff should he excluded from the jury, hut the variance must be manifest. James v. Adams, 16 W. Va. 245. See James v. Adams, 8 W. Va. 568.
Count of General Law Merchant — Days of Grace. — In an action of assumpsit brought on a hill of exchange drawn in Virginia, and payable at the bank of Marietta, Ohio, the declaration counted on the general law merchant, and the general issue was joined. Proof of presentation on the fourth day of grace does not support the issue on the plaintiff’s part, as the general law merchant requires presentation on the third day of grace. Jackson v. Henderson, 3 Leigh 196.
Value of Cattle before and after They Had Been Killed. —Where the declaration in assumpsit contained a special count, which alleged that the defendant was to pay the plaintiff the value of certain cattle before they had been killed, and the evidence showed that the defendant promised to pay for the carcasses thirty dollars a head, this was held to he a fatal variance. Davisson v. Ford, 23 W. Va. 617.
Description of Article Sold. — In an action of assumpsit on a contract for the purchase of a stock of goods, if there be a material variation, in describing the article sold, between the declaration and the proof, such variation Is material and fatal to the suit. James v. Adams, 16 W. Va. 245.
Contract Proven Must Be Some One Alleged. — It is clear that in an action of assumpsit against a party on a promise or contract made by him to pay the plaintiff a certain sum of money, recovery cannot he had, if the contract proven is not the one stated in the declaration, but a joint contract made by the defendant and another. This is a variance. Davisson v. Ford, 23 W. Va. 617.
Account Stated for $6oo — No Evidence Allowed to Prove One for $500. — If a declaration in assumpsit contains only the insimul computassent count, stated for $600, without a hill of particulars, the plaintiff cannot introduce evidence to prove an account stated for $500. Under the ruling of Minor v. Minor, 8 Gratt. 1, such evidence was properly excluded as irrelevant to the issue under the pleadings as they were. Mann v. Perry, 3 W. Va. 580.
No Recovery in Action on Negotiable Note unless Negotiable When Suit Is Brought —In an action of assumpsit brought upon a negotiable note, if a note when offered in evidence is not negotiable by the law of the state where the suit is pending, the plaintiff is not entitled to recover. Nichols v. Porter, 2 W. Va. 13.
Evidence Should Be Excluded if It Pails to Support Issue. — The defendant to an action of assumpsit plead the general issue. After the introduction of the plaintiff’s evidence, the defendant moves to exclude it from the jury on the ground of a material variance between the proof and the declaration. This should be done if it clearly appears that the evidence offered by the plaintiff fails to support the issue on his part. Dresser v. Transportation Company, 8 W. Va. 553.
Bill of Lading Should' Not Go to Jury ¡I Not Applicable to Any Count. — if the plaintifi declares in assumpsit against a common carrier, without regard to the special contract between them manifested by bills of lading, the latter, not being applicable to any of the counts in the declaration, ought not to he allowed to go to the jury as evidence in support of the same. B. & O. R. Co. v. Rathbone, 1 W. Va. 87.
2. WHEN IMMATERIAL.
Nonjoinder of Cocontractor Not Appearing in Declaration. — It is well settled that the nonjoinder of a cocontractor as a defendant cannot he taken advantage of under the general issue in an action of assumpsit, on the ground of a variance between the allegata and the probata, when the omission of the co-contractor does not appear on the face of the declaration. Wilson v. McCormick, 86 Va. 995, 11 S. E. Rep. 976. See Prunty v. Mitchell, 76 Va. 169.
Variance in Damages in Writ and Count. — In an action of assumpsit, the writ lays the damages at $500, and the count lays them at $600. For want of appearance a judgment was entered by default, and the jury assessed the damages. The variance between the writ and the count was held to he immaterial. Dabneys v. Knapp, 2 Gratt. 354.
What Variance in Name of Plaintiff Immaterial.— Where the writ states the initial letter of the middle name of one of two plaintiffs to he P, while the count in the declaration in assumpsit states it to be B, but in both the writ and the count the partnership name of the plaintiffs is given, the variance is immaterial. Dabneys v. Knapp, 2 Gratt. 354.
It is no variance between the writ and the declaration in assumpsit, if the writ states the first Christian name of the plaintiff by the initial letter, and the count in the declaration states the name in full. Dabneys v. Knapp, 2 Gratt. 354.
When Variance immaterial. — Where the declaration in an action of assumpsit states an agreement that the plaintiff would rent and furnish a house at X, and board the defendant and his clerks for so much each, and the agreement proved was that he would board the defendant and his clerks at X for the sums stated In the declaration, the variance between the averments and the proof is not material. Wroe v. Washington, 1 Wash. 357.
Omission of Word “Treasurer” Immaterial When Defendant Was Personally Liable. — The defendant as treasurer of a jockey club agreed to rent for its use a piece of ground from the defendant, and bound himself in writing to pay the rent. The plaintiff brought an action of assumpsit on the parol agreement, and gave in evidence the written agreement not under seal, corresponding with that stated in the declaration, except, that in the latter the de *111 scription as “Treasurer” is omitted. The variance is not material, as he was personally liable, and it was unimportant to give him his title. McWilliams v. Willis, 1 Wash. 199.
Action on Contract Made by Agent for Disclosed Principal flay Be Brought against Principal — No Variance. —There is no variance between the allegation and. proof where the declaration alleges a contract with the defendant, and the evidence shows that it was made through an agent for his principal, the defendant, who was disclosed. The account filed in the case was against the defendant and the agent, and the plaintiff offered to strike out the agent’s name. But the defendants objected and this was not done, and for these reasons the decision that there was no variance was free from error. Richmond, etc.. Ry. Co. v. New York, etc., Ry. Co.. 95 Va. 386, 28 S. E. Rep. 573.
Date of Presentment of Note Stated under Scilicet Not Material. — in a declaration in assnmpsit on a bill of exchange, brought by the holder against the endorser, it was alleged that it was presented for payment, “when the bill became due and payable according to the tenor and effect thereof, to wit, on the 27th of December 1816. at the bank of Marietta in Ohio,*’ where it was payable and dishonored. The 27th of December was not the third but the fourth day after time of payment, but as it was averred that the bill was presented when it became due and payable according to its tenor and effect, and the date of the presentment was stated under a scilicet, the date stated was not material, and the plaintiff might have proved presentment on the third day of grace. Jackson v. Henderson, 3 Leigh 196.
Date of Judgment Not Material When Question of Time Was Not Involved. — When a declaration in assumpsit alleges that a certain judgment was rendered on the 30th of May 1870, and the record produced shows that it was rendered on the 31st of May 1870, it was objected that the record was inadmissible for this variance. The variance was held not material as the question involved was not when it was rendered, but whether it had been rendered. Sayre v. Edwards, 19 W. Va. 352.
Omission of One Commissioner in Order of Court Immaterial Where Three Were Appointed. — The declaration in an action of assumpsit brought against a county by a contractor for the price of building a jail, states that the county court appointed three commissioners to let out the building of the jail, and names the commissioners. The order of the county court offered in evidence by the plaintiff only names two of them. This was held no material variance and the order was admitted in evidence. Carroll County v. Collier, 22 Gratt. 302.
Consideration — Written Promise Not Mentioning It Admissible. — The plaintiff in his declaration in assumpsit brought on the promise of the defendant to pay the debt of another alleges a particular consideration, A written promise of the defendant which was produced in evidence, contained no mention in the consideration. This was no variance between the allegata a.ndprobata, as the written promise is proper evidence and the consideration may be proved by evidence aliunde. Colgin v. Henley, 6 Leigh 85.
Allegation of Credit Required and Proof of Note Given Will Not Prevent Recovery. — If the declaration in an action of assumpsit on a contract for the sale of property alleges that the defendant was required to pay a certain sum in cash and the balance on a certain credit, and the evidence shows that the defendant was required to pay the stated sum in cash and was to give his note for the balance, this is not a sufficient variance to destroy the right of the plaintiff to recover. James v. Adams, 16 W. Va. 245.
VIII. VERDICT.
1. FORM.
General Verdict Assessing Entire Damages on Several Counts Not Erroneous, — A general verdict in assumpsit, which assesses entire damages on several counts, none of which are defective, is not erroneous. Buster v. Ruffner, 5 Munf. 27.
In Current Money. — in an action of indebitatus ussu-nvpsit for a certain sum in pounds sterling of the value of a certain sum in current money of Virginia, for so much advanced by the plaintiffs to F. and S. at the request of the defendant, the damages were laid in current money. The verdict by the jury in current money was correct. Barnett v. Watson, 1 Wash. 372.
When It Pursues the Issue. — After the plea of non-ass-umpsit, the verdict of the jury that the defendant has not paid the debt and assessing damages occasioned by the nonperformance of that assumpsit, substantially pursues the issue. Barnett v. Watson, 1 Wash, 372.
On Good Cause of Action — Motion to Arrest Judgment Overruled. — Where a good cause of action is set out by a declaration in assumpsit, and no objection is made to the form or substance of the verdict, a motion in arrest of judgment by the defendant will be overruled. Travis v. Peabody Ins. Co., 28 W. Va. 583.
2. OPERATION AND EFFECT.
Omission of Facts Necessary to Plaintiff’s Recovery Not Cured by Verdict. — Where matters which are collateral to the fact in issue, and necessary to the right of the plaintiff, are omitted in the pleadings, they cannot be presumed to have been proven, and therefore their omission could not be cured by verdict at common law. Bailey v. Clay, 4 Rand. 346.
Money Counts Presumed Proved. — If in an action of assumpsit on an inland bill of exchange, there be two money counts in the declaration, and the court gives an improper instruction to the jury with regard to the bill of exchange, after verdict it will be presumed that the money counts were proved, where the bill of exceptions to the instruction does not state there was other evidence. Willock v. Riddle & Co., 5 Call 358.
Misjoinder of Issue Cured. — It being stated in the record that issue was joined, the fact that there was. a misjoinder of the issue is cured after verdict in an action of assumpsit by the statute of jeofails. Moore v. Mauro, 4 Rand. 488.
A misjoinder of issue upon a plea of payment in an action of assumpsit, where the plaintiff could not reply anything to this plea, except what had been alleged in his declaration, the blunder in the making of the issue, would have been cured after verdict by the statute of jeofails. Douglass v. Central Land Co., 12 W. Va. 502. See Moore v. Mauro, 4 Rand. 488; Southside R. Co. v. Daniel, 20 Gratt. 344; Simmons v. Trumbo, 9 W. Va. 363.
Failure to Allege Performance of Condition Cured. —In the declaration in an action of assumpsit founded on an agreement for sale and conveyance of property, the failure to allege the performance of a precedent condition will be cured by verdict. Bailey v. Clay, 4 Rand. 346.
Plea of “Not Guilty” Cured. — If to a declaration charging a tort, with an assumpsit upon it, the *112 defendant pleads not guilty, it will be good after verdict, notwithstanding the double aspect of the declaration, and the irrelevancy of the issue of the assumpsit. King v. McDaniel, 4 Call 451.
Omission of Gist of Action Not Cured. — Only that which must have been necessarily proved from the matter stated in the declaration will be presumed after verdict, and therefore the total want of an averment of a fact, which constitutes the gist of the action, will not be cured after verdict by the statute of jeofails. Chichester v. Vass, 1 Call 83, 1 Am. Dec. 509.
Omission of Names of Partners Cured. — On the authority of Murdock v. Herndon, 4 H. & M. 200, and Totty v. Donald & Co., 4 Munf. 430, it seems that a verdict will cure the defect in a declaration in assumpsit on behalf of a mercantile company, brought by the name of the firm and omitting to mention the names of the partners.
When Omissions of Averments Cured. — The declaration in an action of assumpsit upon a marriage promise, by which the defendant agreed to give the plaintiff, if he should marry his granddaughter, as much of his estate as he should give. to any of his own children, should state the quantity and quality of the estate given by the defendant to his own children, and when the gifts were made. A verdict, if rendered, might cure the omission of such averments, but it will not do so where all the pleadings are defective. Smith v. Walker, 1 Wash. 135.
3. FOR EXCESSIVE AMOUNT.
Excess of Damages over Amount in Declaration May Be Released. — Since the act of January 20, 1804, as explained and amended by the act of January 29, 1805, if the jury in an action of assumpsit find for the plaintiff a larger sum than the amount of damages laid in the declaration, with interest from a day fixed in their verdict, the plaintiff may release the surplus, beyond that amount, and take judgment for the balance, with interest as aforesaid. Cahill v. Pintony, 4 Munf. 371.
4. WHEN SET ASIDE.
Against Two Jointly for individual Items. — On trial of an action of assumpsit against two defendants jointly containing the common counts, a bill of particulars was filed as an account against both of them. The evidence under nonassumpsit shows that some of the items in the bill of particulars are against the defendants individually. A verdict can only be found on the items in the account which are charges against the defendants jointly. This is not a case within the 19th § of ch. 131 of the W. Va. Code, and the verdictbeing against both for items against them individually, it will be set aside. Enos v. Stansbury, 18 W. Va. 477.
In Favor of Defendant Not Appearing. — An action of assumpsit is brought against two defendants jointly, and a writ of inquiry of damages was awarded against them. Only one appeared and set aside the office judgment and pleaded nonassumpsit. Issue was joined and a verdict was found for both of the defendants. The court overruling a motion for a new trial entered up judgment in favor of both defendants without executing a writ of inquiry against the other defendant. It was clearly erroneous to give a verdict in favor of a defendant who had not appeared, and the verdict of the lower court was set aside. Enos v. Stansbury, 18 W. Va. 477.
When No Issue Joined on Plea. — To an action of assumpsit the pleas of nonassumpsit and the act of limitations were filed. To the first plea plaintiff replied generally, and specially to the second, but the defendant put in no rejoinder. In the transcript of the record it was said that a jury was impanelled to try the issues joined. But the court of appeals decided that no issue was joined on the second plea, and therefore a verdict for the plaintiff be set aside and a new trial directed. Totty v. Donald & Co., 4 Munf. 430.
Variance between Declaration and Agreement Proved. — Where a declaration in assumpsit charges a common carrier for loss or damage in general terms, and an agreement is proved which shows that the transportation was at the plaintiffs risk, thus imposing a different liability from that charged, and a verdict is rendered against the defendants, it should be set aside and a new trial granted because of the variance. B. & O. R. Co. v. Rathbone, 1 W. Va. 87. See sec. V, supra,
IX. JUDGMENT,
1. FORM.
In Actions against Executors. — In an action of assumpsit by a legatee against an executor for a legacy, one count in the declaration alleges a promise made by the defendant, as executor, to pay the legacy. This is a count against the executor in his representative capacity, upon which the judgment can only be de bonis testatoris. Kayser v. Disher, 9 Leigh 357.
Same. — In an action of assumpsit against executors for money had and received by them to the plaintiff’s use, it seems that the judgment should be de bonis propriis, and not de bonis testatoris. Martin v. Stover, 2 Call 514.
2. IN JOINT ACTIONS.
Common-Law Rule — Statutory Modification. — The common-law rule that in a joint action against several parties there can be but one final judgment, and it must be for or against all the defendants, is the same whether the contract be joint, or joint and several, or whether it is founded on several and distinct contracts. Steptoe v. Read, 19 Gratt. 1; Gibson v. Beveridge, 90 Va. 697, 19 S. E. Rep. 785. See also. Taylor v. Beck, 3 Rand. 316; Moffett v. Bickle, 21 Gratt. 280; Muse v. Farmers’ Bk., 27 Gratt. 252. For statutory provision for the recovery of money by motion from any number of those liable in a joint contract, see § 3212 of the Va. Code of 1887.
The common-law rule above mentioned has been modified by statute, which provides that in such an action the plaintiff may have judgment against any other or others from whom he would have been entitled to recover had he sued them only, although he may be barred as to one or more of them. Va. Code 1887, § 3295. But in an action of assumpsit where the only plea was a joint one of nonassumpsit, and the plaintiff dismissed the suit as to one of the defendants, and there is nothing on the record which shows that the defence was merely personal to the defendant as to whom suit was dismissed and did not concern his codefendant, the statute has no application and it is not an error to refuse to allow an amendment to the -declaration. Gibson v. Beveridge, 90 Va. 696, 19 S. E. Rep. 785.
When One Proves Defence to Foundation of Entire Action. — In an action of assumpsit against two defendants on a contract, although one of them confesses judgment, yet if the other proves a defence, which goes to the foundation of the entire action, there must be a final judgment in favor of both defendants. Steptoe v. Read, 19 Gratt. 1.
*113 When One Defendant Defends after Suit Was Abated as to Him. — An action of assumpsit was instituted, against a firm, one member of which appeared and plead nonassumpsit. Afterwards another member of the firm, against whom the suit had been entered abated, entered himself a defendant, and without filing a plea, united in defending the action. A judgment entered against the two is proper, as they did not discover by plea in abatement who the other partners were. Barnett v. Watson, 1 Wash. 372.
Against One after Suit Abated as to Other. — In an action on the case in assumpsit brought against two partners to recover a partnership debt, the writ was executed on only one, and as to the other it was returned “no inhabitant of the city,” and the suit was entered abated as to him. Though the declaration charges that the defendant assumed with another, a fact which as to that other is not tried, yet this does not vitiate the defendant’s assumpsit which found against him, and the judgment against one partner on the joint contract is not erroneous. If the defendant wishes to take advantage of the omission to .sue both, he should have pleaded in abatement and pointed out the other partner. Brown v. Belches, 1 Wash. 8.
3. WHEN VALID.
Court Has Jurisdiction — No Affidavit as Required by Statute. — Sec. 3386 of the Va. Code provides that when in an action of assumpsit for money, an affidavit is filed with the declaration, stating that the amount claimed is justly due, etc., no plea in bar shall be received unless supported by an affidavit. Where in an action of assumpsit the plaintiff has proceeded in accordance with this statute and the defendant has not filed his plea of nonassumpsit with affidavit, which is stricken out and a subsequent plea with affidavit is rejected, final judgment for the plaintiff is not void as the court had jurisdiction of the parties and the subject-matter. Grigg v. Dalsheimer, 88 Va. 508, 13 S. E. Rep. 993.
Demurrer Improperly Sustained — No Injury to Plaintiff. — Where there are common counts in a declaration, and a special count be included, all the facts alleged in which could be as well proven by the plaintiff under the common counts, and the court improperly sustains a demurrer to such special count and the record shows that at the trial of the case the plaintiff sustained no injury by reason of the court sustaining the demurrer to the special count, the appellate court will not reverse the judgment below because of such error. Moore v. Supervisors, 18 W. Va. 630.
Improper Evidence Admitted. — In an action of assumpsit for various sums of money lent to or paid for the defendant's intestate the issues being on nonassumpsit, and the statute of limitations, and the verdict being for the defendant alone on the latter plea, the admission of improper evidence having reference to the issue on the first plea only, and which could have no influence on the issue on the last plea, is not ground for reversing the judgment. Johnson v. Jennings, 10 Gratt. 1.
Demurrer Improperly Overruled — Judgment in Other Court. — To a declaration in assumpsit containing two counts the defendant pleaded the general issue and afterwards filed two additional pleas to the first count. On demurrer to the pleas the lower court held them good and entered judgment for the defendant on the first count. Subsequently the issue tried on the second count, and verdict and judgment were rendered for the defendant on that count. The appellate court held that while there was error in overruling the demurrer, defendant was entitled to the benefit of the verdict and judgment on the second count. Dunn v. Price, 11 Leigh 203.
On Demurrer Plaintiff Proved Not Entitled to Recovery.— When the defendant to an action of assumpsit demurs to the evidence, and by demurrer shows that the plaintiff ought not to recover, the court cannot set it aside and award a new trial, but ought to enter judgment for the defendant. Knox v. Garland, 2 Call 241.
4. WHEN INVALID.'
No Issue — Trial by Court. — There were two pleas filed by the defendant to an action of assumpsit, one the general issue, and the other the plea of the statute of limitations, on neither of which was issue joined. The trial was held before the court instead of the jury, under § 38, ch. 162, Code of Va. 1860. Judgment was rendered for the plaintiff. The court occupied precisely the relation to the case a jury would have done, and trial without issue joined is erroneous in either case. Balt., etc., R. Co. v. Faulkner, 4 W. Va. 180.
Same — No Plea Filed. — It is not an error to set aside a judgment given in an action of assumpsit where no plea has been filed, and no issue made up. Johnson v. Fry, 88 Va. 695, 12 S. E. Rep. 973, 14 S. E. Rep. 183.
In New Trial Not in Accordance with Conditions.— A new trial is granted to the defendant in an action of assumpsit on condition that he pay the costs of the first trial, and agree that any future trial be tried solely by the issue already made up by nonassumpsit, without any additional plea. On trial of the cause in another court the defendant on motion is permitted to file another plea. This cannot be granted and the judgment will be reversed, and the cause sent back to be tried on nonassumpsit, or any new matter which has occurred since the new trial was granted. Prunty v. Mitchell, 30 Gratt. 247.
On Erroneous Instructions. — in an action of assumpsit brought upon a paper, purporting to be a bill of exchange, but which is not a bill of exchange, and which does not import a valuable consideration, nor a promise by the drawer to the payee to pay, if the money is not paid by the drawee, the court instructed the jury that they might infer a consideration moving from the plaintiff to the defendant. The court erred and the judgment will be reversed, as the jury could only regard it as their duty to make the inference, and hence peremptory upon them, regardless of the weight of evidence. Averett v. Booker, 15 Gratt. 163.
In an Action against Intermediate Number of Obligors in a Bond. — The action of assumpsit on a joint and several bond must be brought either against all the obligors generally, or one of them singly, and not against any intermediate number. If an error in this respect appears on the record, the judgment will be reversed, notwithstanding such error was not pleaded in abatement. Leftwich v. Berkeley, 1 H. & M. 61.
In an Action When No Consideration Laid. — in an action of assumpsit, if no .consideration for the promise be laid in the declaration, judgment ought to be arrested, notwithstanding it be founded on a written agreement. Moseley v. Jones, 5 Munf. 23. See Hall v. Smith, 3 Munf. 550.
On Demurrer without Trial of Issue. — Where issue was joined in an action of assumpsit on the plea of *114 the general issue, two special pleas were filed by the defendant, to which the plaintiff demurred. It was an error for the court to overrule the demurrer and give final judgment for the defendant, as no final judgment should have been given without the issue on the plea of nonassumpsit having been tried, or otherwise disposed of. Morgantown Bk. v. Foster, 35 W. Va. 357, 13 S. E. Rep. 996.